In re

) Case No. _____
)
) NOTICE OF ***PRELIMINARY***
) HEARING ON MOTION
)     FOR USE OF CASH COLLATERAL
)     TO OBTAIN CREDIT
Debtor(s)                                   ) *(Check One)*

YOU ARE NOTIFIED THAT:

1.    The undersigned moving party, _____, filed a
Motion    For Use of Cash Collateral    To Obtain Credit *(check one)*. A copy of the motion is attached;
and it includes (i) the statement required by Local Form #541.5, and (ii) the following allegations:

   a.  The immediate and irreparable harm that will come to the estate pending a final hearing is
_____
_____.

   b.  The amount of    cash collateral    credit *(check one)* necessary to avoid the harm detailed
above prior to the final hearing is _____.

2.    The name and service address of the moving party's attorney (or moving party, if no attorney) are:
_____.

3.    A ***PRELIMINARY*** HEARING on the motion WILL BE HELD ON _____ AT _____
IN _____.
Testimony will be received if offered and admissible.

4.    If you wish to object to the motion, you must do one or both of the following: (1) attend the
preliminary hearing; and/or (2) file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins
with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; OR if it begins with "6" or "7", mail to
405 E 8th Ave #2600, Eugene OR 97401), a written response, which states the facts upon which you will
rely and, if the response is filed within three business days before the hearing, notify the judge's
chambers immediately after filing the document, as required by LBR 9004-1(b).

5.    On _____ copies of  this notice  and the motion were served pursuant to FRBP 7004 on the
debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected
pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors
listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and
all affected lien holders whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                              OSB #
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541.1 (6/1/15)

**Debtor:**

Sunshine Dairy Foods Management, LLC
Attn:  Norman Davidson, III
801 NE 21st Ave.
Portland, OR  97232

**20 Largest Unsecured Creditors:**

Andersen Plastics
c/o Linda Erickson
PO Box 310
Battle Ground, WA 98604-0310

Bev Cap Management, LLC
c/o Michelle Cummings
120 W Virginia St Suite 200
Mckinney, TX 75069

Boon Chapman
c/o Grabielle Rico
9401 Amberglen Blvd
Austin, TX 78729

Country Lane Dairy
c/o Kaye N. Barnes
18555 SW Teton Ave
Tualatin, OR 97062

Country Lane Dairy
c/o Keystone-Pacific, LLC
Kaye N. Barnes, RA
9955 SW Potano St.
Tualatin, OR 97062

Danisco USA, Inc
c/o Daniel Usieto
PO Box 32020
New York, NY 10087-2020

Domino Foods, Inc.
c/o Alessia Zalambani
PO Box 79066
City of Industry, CA 91716-9066

Ernest Packaging Solutions
c/o Monique Gonzales
9255 NE Alderwood Rd.
Portland, OR 97220

First Business Capital Corp.
Attn: Mark Buchert, VP-
Account Executive
401 Charmany Dr
Madison, WI  53719

Grupo Phoenix
c/o Karen Alvarado
18851 NE 29th Ave, Suite 601
Aventura, FL 33180

High Desert Milk, Inc.
c/o Steven Tarbet
1033 Idaho St
Burley, ID 83318

Larsen's Creamery, Inc.
c/o Melody Librande
16940 SE 130th Avenue
Clackamas, OR 97015

LTI, Inc.
c/o Karen McKinnon
PO Box 34206
Seattle, WA  98124-1026

Mayfield Farms, LLC
c/o Kaye N. Barnes
18555 SW Teton Ave
Tualatin, OR 97062

Mayfield Farms, LLC
c/o Keystone-Pacific, LLC
Kaye N. Barnes, RA
9955 SW Potano St.
Tualatin, OR 97062

Pacific Foods Of Oregon, Inc.
c/o Ginger Pielage
19480 SW 97th Ave
Tualatin, OR 97062

Portland Water Bureau
Attn: Customer Svc -
Bankruptcy
PO Box 4216
Portland, OR 97208-4216

QCS Purchasing, LLC
c/o  Mary DeMarco
PO Box 87618
Chicago, IL 60680-0618

Stiebrs Farms, Inc.
c/o Dianna Stiebrs
PO Box 598
Yelm, WA 98597

Tetra Pak
c/o Bill Ballew
DEPT CH 10803
Chicago, IL 60055-0803

Valley Falls Farm, LLC
c/o Kaye N. Barnes
18555 SW Teton Ave
Tualatin, OR 97062

Valley Falls Farm, LLC
c/o Keystone-Pacific, LLC
Kaye N. Barnes, RA
9955 SW Potano St.
Tualatin, OR 97062

**Lien Holders:**

Citibank, N.A.
388 Greenwich St., 25th Flr,
Mail Drop 7
New York, NY  10013

Citibank, NA
c/o Barbara Desoer - CEO
701 East 60th Street North
Sioux Falls, SD 57104

First Business Capital Corp.
401 Charmany Dr.
Madison, WI  53719

First Business Capital Corp.
c/o Chuck Batson, President & CEO
401 Charmany Dr
Madison, Wi 53719

Elm Services
PO Box 15270
Irvine, CA  92623-5270

EverBank Commercial Finance, Inc.
10 Waterview Blvd.
Parsippany, NJ 07054

EverBank Commercial Finance, Inc.
c/o Frederick Wolfert, CEO
10 Waterview Blvd.
Parsippany, NJ 07054

<u>In re  Sunshine Dairy Foods Management, LLC</u>;
Bankruptcy Case No. 18-31644-pcm11
Service List

Banc of California, NA
18500 Von Karman Ave.
Ste 1100
Irvine, CA  92612

Banc of California, NA
c/o Doug Bowers, CEO
3 Macarthur Place
Santa Ana, CA 92707

ADS Group
PO Box 15270
Irvine, CA  92623

TCF Equipment Finance
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

TCF Equipment Finance
c/o Gary A. Peterson, President/CEO
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

Strada Capital Corporation
23046 Avenida de la Carlota,
Ste 350
Laguna Hills, CA  92653;

Strada Capital Corporation
c/o Christopher Parsons, R.A.
23046 Avenida de la Carlota,
Ste 350
Laguna Hills, CA  92653

LCA Bank Corporation
1375 Deer Valley Drive, Ste. 218
Park City UT  84060

LCA Bank Corporation
c/o Thomas T. Billings, Registered Agent
15 West South Temple Ste 1700
Salt Lake City, UT 84101

Multnomah Assessment & Taxation
501 SE Hawthorne,1st Floor
P.O. Box 5007
Portland, OR  97208

Multnomah County Tax Assessor Attn
Angelika Loomis, Agent
PO Box 2716
Portland, OR 97208-2716

**Electronic Mail:**

The foregoing was served on
all CM/ECF participants
through the Court's Case
Management/ Electronic Case
File system.

Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Karamanos Holdings, Inc.
(Proposed Joint Debtor-in-Possession – Motion Pending)

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. _18-31644-pcm11_ |
| Sunshine Dairy Foods Management, LLC, | JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION |
| Debtor-in-Possession | |

Debtor-in-Possession Sunshine Dairy Foods Management, LLC ("Sunshine") and

Karamanos Holdings, Inc. ("Karamanos") (Proposed Joint Debtor-in-Possession – Motion

Pending) (collectively "Debtors"), pursuant to Sections 105(a) and 363 of the Bankruptcy

Code, Bankruptcy Rule 4001, and LBR 4001-1.D., move the Court for entry of an interim

order authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code

("Cash Collateral"), and, in support, represent and state as follows:

Page 1 of 8     JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF
CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11     Doc 13     Filed 05/10/18

1.     On May 9, 2018 (the "Petition Date"), Debtors commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2.     Pursuant to §§ 1107 and 1108 of the Code, Debtors are authorized to possession of Debtors' property and to operate and manage Debtors' business as debtors-in-possession.

## DEBTORS' BUSINESS

3.     Sunshine is a limited liability company headquartered in Portland, Multnomah County, Oregon.  Karamanos is an Oregon corporation headquartered in Portland, Multnomah County, Oregon.  Debtors are in the business of manufacturing, packaging, and distributing dairy, non-dairy, and other related food products throughout the United States of America.  The Debtors are the successor entity to the dairy delivery business founded in 1935 by John Karamanos.  Debtors' operations employ over 100 individuals (including salaried and hourly employees) in the Portland area at two production locations.  Debtors' business depends on the daily delivery of fresh food products to restaurants, retailers, and other customers, which would be greatly jeopardized by any delay in the Debtors' operations.

## PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL

4.     The following entities ("Lien Creditors") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditor for the following collateral:

/ / /

/ / /

/ / /

/ / /

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 13    Filed 05/10/18

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| Citibank, N.A.<br>388 Greenwich St., 25th Flr,<br>Mail Drop 7<br>New York, NY 10013 | 8248701 | Unknown.<br>Believed to be $-0- | $2,568.00 | All right, title and interest of Debtor in and to all accounts and all other forms of obligations ("Accounts Receivable") owing to Supplier by Compass Group- USA, Inc. |
| First Business Capital Corp.<br>401 Charmany Dr.<br>Madison, WI 53719 | 91352308 | $9,027,482 | $12,740.00* | All Assets wherever located. |

*Property value includes only real estate values, full collateral value is substantially higher.

     5.     Other than the Lien Creditors noted above, Debtors are not aware of any parties

holding an interest in Cash Collateral. The parties below have filed UCC financing

statements with the Oregon Secretary of State, but Debtors contend none of the parties

below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Elm Services<br>PO Box 15270<br>Irvine, CA 92623-5270 | 90451311,<br>90548548 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| EverBank Commercial Finance, Inc.<br>10 Waterview Blvd.<br>Parsippany, NJ 07054 | 90718706-1 | Blanket Security Agreement by Assignment from Summit Funding Group |
| Banc of California, NA<br>18500 Von Karman Ave.<br>Ste 1100<br>Irvine, CA 92612 | 90963365<br>90963776 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| ADS Group<br>PO Box 15270<br>Irvine, CA 92623 | 91069271 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| TCF Equipment Finance<br>11100 Wayzata Blvd. #801<br>Minnetonka, MN 55305 | 91069288-<br>9106288-1 | All equipment and personal property, including but not limited to furniture, fixtures and equipment by Assignment from Balboa Capital Corporation. |

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP<br>Attorneys at Law<br>319 SW Washington Street, Suite 520<br>Portland, Oregon 97204-2690<br>(503) 241-4869

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Strada Capital Corporation 23046 Avenida de la Carlota, Ste 350 Laguna Hills, CA 92653; | 91362566 | Co-Secured Party with LCA Bank Corporation. All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| LCA Bank Corporation 1375 Deer Valley Drive, Ste. 218 Park City UT 84060 | 91362566 | Co-Secured Party with Strada - All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657806 for tax year 2017/18 |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |
| Multnomah County Tax Collector | 91492965 | Machinery & Equipment Acct. R646168 for tax year 2017/18 |
| Multnomah County Tax Collector | 91495871 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |

6.     To preserve the value of Debtors' business as a going concern, Debtors require the use of the accounts receiveable and cash generated from Debtors' business to pay Debtors' operating expenses

7.     Debtors require the use of Cash Collateral to make reasonable and necessary payments related to the Debtors' business including, but not limited to, raw material suppliers, ingredient suppliers, re-sale item suppliers, employee payroll with benefits, utilities, leases, transportation costs, and packaging costs.

8.     In order to formulate a plan of reorganization, Debtors require the use of Cash Collateral for the payment of operating expenses.  Debtors propose to use Cash Collateral of $6,465,274.00 over the period commencing May 9, 2018 through June 22, 2018, on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**.  Debtors projected 44-day operating expense budget is attached to **Exhibit A** marked **Exhibit 1** (the "Budget") (a 120-day budget to be provided on or before

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11     Doc 13     Filed 05/10/18

Debtors' Notice and Motion for Final Order).  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtors and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

9.    Debtors have made reasonable efforts to secure alternative financing.  Debtors are unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

10.    After reasonable efforts, Debtors are unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

11.    Allowing Debtors to use Cash Collateral on the terms set forth in the proposed Preliminary Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize the value of the Debtors' assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

12.    Without the use of Cash Collateral, Debtors have insufficient funds to meet Debtors' expenses as itemized in **Exhibit 1**.  Debtors have an immediate need for Cash Collateral to pay Debtors' operating expenses, including payments for improvements, provide deposits to utilities as needed under 11 U.S.C. §366 and make adequate protection payments, all of which will preserve the value of Debtors' business.

13.    The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER

14.    Debtor further proposes that Debtors' authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF
CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 13    Filed 05/10/18

Budget subject to the limitation that the aggregate budget variance shall not exceed fifteen percent (15%) of any line item expenditures under the Budget for that Budget period.

## PROPOSED ADEQUATE PROTECTION

15.   Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtors to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtors propose to grant to each of them the following protection:

    a.   A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

    b.   Debtors shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

    c.   Subject to Debtors' sole discretion, or if subsequently ordered by the Court after notice and hearing, to commence making monthly payments of interest only, calculated at the then applicable non-default rates, to each Lien Creditor, beginning not later than the date that is 90 days after entry of the Order for Relief, based on the value of each respective Lien Creditor's interest in their respective collateral.

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral.  See In re Mellor, 734 F2d 1396 (9th Cir, 1984)

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF
CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND
GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 13    Filed 05/10/18

where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on Mellor, the Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: See In re Boulders on the River, Inc., 164 B.R. 99 (9th Cir. B.A.P. 1994).

16.   Here, the Lien Creditors enjoy a sufficient equity cushion to supply adequate protection for their interests. First Business Capital Corp. based solely on its real estate collateral, enjoys an equity cushion of 40% which is likely understated in light of the additional collateral pledged. This far exceeds the Mellor standard for an equity cushion. Therefore, First Business Capital Corp. is adequately protected. The other Lien Creditor, Citibank, N.A., does not appear, based on the Debtors' records, to have an outstanding claim.

## NOTICE

17.   No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtors have given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtors move the Court for:

1.   An Interim Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2.   An Order setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibit 1** to this motion.

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 13    Filed 05/10/18

3.     That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

4.     An Order setting a final hearing after notice on a Motion for a Final Order on use of Cash Collateral, with such Motion filed not less than 24 days in advance of such final hearing.

Dated:  May 9, 2018

MOTSCHENBACHER & BLATTNER LLP          VANDEN BOS & CHAPMAN, LLP


By:/s/Nicholas J. Henderson                    By:/s/Douglas R. Ricks
    Nicholas J. Henderson, OSB #074027          Douglas R. Ricks, OSB #044026
    Of Attorneys for Karamanos Holdings, Inc.   Of Attorneys for Sunshine Dairy Foods
                                                Management, LLC

JOINT MOTION FOR INTERIM ORDER AUTHORIZING USE OF
                CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND
                GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 18-31644-pcm11 |
|---|---|
| Sunshine Dairy Foods Management, LLC, | INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL |
| Debtor-in-Possession. | |

THIS MATTER came before the Court on _____ 2018 on the joint motion of

Debtor-in-Possession, Sunshine Dairy Foods Management, LLC ("Sunshine") and

Karamanos Holdings, Inc. ("Karamanos") (Proposed Joint Debtor-in-Possession – Motion

Pending) (collectively "Debtors"), for interim authority to use cash collateral, due and

adequate notice under the circumstances having been given, and the Court having heard

the representations and argument of counsel, and being otherwise fully advised,

The Court finds that:

A.      On May 9, 2018 (the "Petition Date"), Debtors filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code (the "Code").  The Debtors continue in

possession of Debtors' property and management of Debtors' businesses as

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**Exhibit A - Page 1 of 11**

debtors-in-possession, in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B.      Without the use of Cash Collateral, Debtors assert they have insufficient funds to meet their expenses and other payments set forth in the Budget. Debtors assert there is an immediate need to use Cash Collateral to pay Debtors' payroll and other operating expenses and to preserve the value of Debtors' business.

C.      Debtors assert they will suffer immediate and irreparable harm if Debtors are not permitted to use up to $6,465,274.00 for the period covering May 9, 2018 through June 22, 2018, in the amount and for the purposes set forth in the Budget, to meet Debtors' necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

D.      Debtors assert that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| Citibank, N.A.<br>388 Greenwich St., 25th Flr, Mail Drop 7<br>New York, NY 10013 | 8248701 | Unknown. Believed to be $-0- | $2,568.00 | All right, title and interest of Debtor in and to all accounts and all other forms of obligations ("Accounts Receivable") owing to Supplier by Compass Group- USA, Inc. |
| First Business Capital Corp.<br>401 Charmany Dr.<br>Madison, WI 53719 | 91352308 | $9,027,482 | $12,740.00* | All Assets wherever located. |

* Property value includes only real estate values, full collateral value is substantially higher.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

E. Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Elm Services PO Box 15270 Irvine, CA 92623-5270 | 90451311, 90548548 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| EverBank Commercial Finance, Inc. 10 Waterview Blvd. Parsippany, NJ 07054 | 90718706-1 | Blanket Security Agreement by Assignment from Summit Funding Group |
| Banc of California, NA 18500 Von Karman Ave. Ste 1100 Irvine, CA 92612 | 90963365 90963776 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| ADS Group PO Box 15270 Irvine, CA 92623 | 91069271 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| TCF Equipment Finance 11100 Wayzata Blvd. #801 Minnetonka, MN 55305 | 91069288-9106288-1 | All equipment and personal property, including but not limited to furniture, fixtures and equipment by Assignment from Balboa Capital Corporation. |
| Strada Capital Corporation 23046 Avenida de la Carlota, Ste 350 Laguna Hills, CA 92653; | 91362566 | Co-Secured Party with LCA Bank Corporation. All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| LCA Bank Corporation 1375 Deer Valley Drive, Ste. 218 Park City UT 84060 | 91362566 | Co-Secured Party with Strada - All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657806 for tax year 2017/18 |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |
| Multnomah County Tax Collector | 91492965 | Machinery & Equipment Acct. R646168 for tax year 2017/18 |
| Multnomah County Tax Collector | 91495871 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**NOW, THEREFORE, it is ORDERED as follows:**

1.      Debtors are authorized to use Cash Collateral not to exceed $6,465,274.00 for the period covering May 9, 2018 through June 22, 2018 (the "Budget Period"), for the purposes specified in the Budget attached hereto as **Exhibit 1**.  Debtors authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed fifteen percent (15%) of any line item expenditures under the Budget for the Budget Period.

2.      Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of the Cash Collateral arising from Debtors' use of the Cash Collateral post-petition, the UCC Lien Creditors are granted the following adequate protection:

   a)      A replacement lien on collateral of the same nature, kind and priority as existed on the Petition Date; provided, however, that such replacement lien shall not attach to avoidance or recovery actions of Debtors' estate under Chapter 5 of the Code; and provided, further, that such replacement lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the replacement lien shall attach being referred to herein as the "Replacement Collateral").

   b)      The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

c)        Debtors shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d)        If, notwithstanding the adequate protection provided by the terms of this Order, any of the UCC Lien Creditors has a claim allowable under 11 U.S.C. §507(a)(2) arising from the stay of action against property of Debtors under 11 U.S.C. §362, from the use, sale or lease of such property under 11 U.S.C. §363, or from the granting of the replacement lien granted herein, then such creditor's claim under 11 U.S.C. §507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. §507(b).

3.        This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business.  The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtors and the Debtors' estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral.  Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time.  To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4.        Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtors) to contest the validity, priority or extent of the liens or security

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

interests of any party in any collateral or in the proceeds thereof, as of, on or after the

Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance

powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require

payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve,

limit or impair the rights, if any, of parties claiming to have rights of reclamation against

Debtors, or Debtors' assets or (f) enhance the secured position of any creditor as of the

Petition Date.

5.    Debtors are authorized to execute and deliver to the Lien Creditors such

instruments considered by them to be necessary or desirable to perfect the security

interests and liens given to them herein, and said parties are authorized to receive, file and

record the same.

6.    Nothing contained in this Order shall constitute a determination as to the

amount, validity or priority of any pre-petition obligation, security interest or lien and all rights

or parties in interest to claim that any pre-petition lien or security interest in Debtors'

property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally,

nothing in this Order shall constitute an admission or acknowledgment by Debtors that any

party has a valid or perfected lien in the cash of Debtors now existing or subsequently

received, and the references herein to "Cash Collateral" is without prejudice to all rights,

defenses and claims of Debtors to contend that any party does not have a perfected lien or

security interest in such cash.

7.    The provisions hereof and the effect of any actions taken hereunder shall

survive issuance and entry of any order: (a) confirming any plan of reorganization or

liquidation; (b) appointing a trustee or examiner for the Debtors; (c) converting Debtors' case

to one under Chapter 7 of the Code; or (d) dismissing Debtors' case.  The priorities, liens

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

8.    In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby. Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

9.    This Order does not grant authority to the Debtors to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9). Debtors may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

10.    The final hearing on Debtors' Motion shall be held in Courtroom __ of the United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue, #700, Portland, Oregon 97204, on _____, 2018 at ___:___ __.m.

A copy of this Order and Notice of the final hearing on Debtors' Motion shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon: (a) Debtors' 20 largest unsecured creditors; (b) any known creditors claiming a security interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have requested notice pursuant to Bankruptcy Rule 2002. Objections, if any, to the relief requested in the motion shall be in writing, shall state the name of the objecting party and the nature of the claim or interest of such party, shall state with particularity the reasons for the objections to the relief

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

requested, and shall be served upon counsel for Sunshine, Vanden Bos & Chapman, LLP, Attn: Douglas R. Ricks, 319 SW Washington St., Ste. 520, Portland, Oregon 97204, and Nicholas J Henderson, Motschenbacher & Blattner, LLP, 117 SW Taylor St., Ste. 300, Portland, Oregon 97204 and filed, together with proof of service, with the Court no later than the deadline provided in the Notice (LBF 541.1) which accompanies this Order when served.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP


By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtor-in-Possession


MOTSCHENBACHER & BLATTNER LLP


By:/s/Nicholas J. Henderson
    Nicholas J. Henderson, OSB #074027
    Of Attorneys for Karamanos Holdings, Inc.

**First Class Mail:**

See Attached List.

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Sunshine Dairy Foods Management, LLC
DIP By Week

# SUMMARY

| | Short Week 5/10/2018 | Week 5/14/2018 | Week 5/21/2018 | Week 5/28/2018 | Week 6/4/2018 | Week 6/11/2018 | Week 6/18/2018 |
|---|---|---|---|---|---|---|---|
| Bank Balance | 496,206 | 575,459 | 459,209 | 406,959 | 381,209 | 343,459 | 312,209 |
| **Collections** | **250,000** | **925,000** | **1,075,000** | **975,000** | **1,200,000** | **1,000,000** | **875,000** |
| **Payments:** | | | | | | | |
| Raw Material Suppliers | - | 238,500 | 414,500 | 238,500 | 388,500 | 238,500 | 87,000 |
| Ingredient Suppliers | 20,000 | 75,000 | 82,000 | 75,000 | 82,000 | 75,000 | 82,000 |
| Resale Item Suppliers | 40,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Employee Payroll and Benefits | 10,497 | 198,000 | 203,500 | 198,000 | 280,000 | 198,000 | 250,000 |
| Utilities | - | 45,500 | 9,000 | 5,000 | 69,000 | 35,500 | 19,000 |
| Leases | - | - | 25,000 | - | 25,000 | - | 25,000 |
| Transportation | - | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Packaging, QA and Other | 100,250 | 369,250 | 278,250 | 369,250 | 278,250 | 369,250 | 278,250 |
| Total Disbursements | 170,747 | 1,041,250 | 1,127,250 | 1,000,750 | 1,237,750 | 1,031,250 | 856,250 |
| Increase (decrease) in Cash | 79,253 | (116,250) | (52,250) | (25,750) | (37,750) | (31,250) | 18,750 |
| Beginning Cash | 496,206 | 575,459 | 459,209 | 406,959 | 381,209 | 343,459 | 312,209 |
| Ending Cash | 575,459 | 459,209 | 406,959 | 381,209 | 343,459 | 312,209 | 330,959 |
| | | | | | | | |
| Past Due | | | | | | | |
| Current | | | | | | | |
| Total | | | | | | | |
| | | | | | | | |
| Increase decrease in cash | | | | | | | |
| ending cash for week. | | | | | | | |

| | Shrt Week 5/10/2018 | Week 5/14/2018 | Week 5/21/2018 | Week 5/28/2018 | Week 6/4/2018 | Week 6/11/2018 | Week 6/18/2018 |
|---|---|---|---|---|---|---|---|
| Bank Balance | 496,206 | 575,459 | 459,209 | 406,959 | 381,209 | 343,459 | 312,209 |
| Collections | 250,000 | 925,000 | 1,075,000 | 975,000 | 1,200,000 | 1,000,000 | 875,000 |
| Available | 746,206 | 1,500,459 | 1,534,209 | 1,381,959 | 1,581,209 | 1,343,459 | 1,187,209 |
| **Payments by Vendor:** | | | | | | | |
| Raw Material Suppliers: | | | | | | | |
| Subtotal: | - | 238,500 | 414,500 | 238,500 | 388,500 | 238,500 | 87,000 |
| Ingredient Suppliers: | | | | | | | |
| Subtotal: | 20,000 | 75,000 | 82,000 | 75,000 | 82,000 | 75,000 | 82,000 |
| Resale Item Suppliers: | | | | | | | |
| Subtotal: | 40,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 | 100,000 |
| Employee Payroll and Benefits: | | | | | | | |
| FBB Health Checks Released | 6,914 | 108,000 | - | 108,000 | - | 108,000 | - |
| Guardian/VSP/AFLAC | - | 20,000 | - | 20,000 | - | 20,000 | - |
| Payroll | - | - | 126,000 | - | 180,000 | - | 160,000 |
| Payroll Taxes | - | - | 52,500 | - | 75,000 | - | 65,000 |
| Pension / Teamsters | - | 45,000 | - | 45,000 | - | 45,000 | - |
| Providence/Boon Chapman | 3,583 | - | - | - | - | - | - |
| Pre-filing Payroll and Bens | - | - | - | - | - | - | - |
| Other Payroll and Benefits | - | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| Subtotal: | 10,497 | 198,000 | 203,500 | 198,000 | 280,000 | 198,000 | 250,000 |
| Utilities: | | | | | | | |
| IGI | - | - | 7,000 | - | - | - | 7,000 |
| NW Natural | - | 3,000 | - | 3,000 | - | 3,000 | - |
| Pacific Power | - | 10,000 | - | - | - | - | 10,000 |
| PGE | - | 26,500 | - | - | - | 26,500 | - |
| Portland Disposal | - | 4,000 | - | - | - | 4,000 | - |
| Portland Water | - | - | - | - | 67,000 | - | - |
| Other Utilities | - | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 |
| Subtotal: | - | 45,500 | 9,000 | 5,000 | 69,000 | 35,500 | 19,000 |

## Sunshine Diary Foods Management, LLC
## DIP Cash Forecast

| | Shrt Week 5/10/2018 | Week 5/14/2018 | Week 5/21/2018 | Week 5/28/2018 | Week 6/4/2018 | Week 6/11/2018 | Week 6/18/2018 |
|---|---|---|---|---|---|---|---|
| Leases: | | | | | | | |
| DC Lease | - | - | - | - | - | - | - |
| Penske | - | - | - | - | - | - | - |
| Other Leases | - | - | 25,000 | - | 25,000 | - | 25,000 |
| Subtotal: | - | - | 25,000 | - | 25,000 | - | 25,000 |
| Transportation: | | | | | | | |
| LTI | - | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Other Transportation | - | - | - | - | - | - | - |
| Subtotal: | - | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 | 15,000 |
| Packaging, QA and Other: | | | | | | | |
| AMEX | - | - | - | - | - | - | - |
| Andersen Plastics | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 | 6,750 |
| Bank Direct/IPFS | - | - | - | - | - | - | - |
| BevCap-Insurance | - | - | - | - | - | - | - |
| Electric Inc | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 | 1,500 |
| Ernest | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 |
| Groupo Phoenix | 91,000 | 91,000 | - | 91,000 | - | 91,000 | - |
| QCS | 10,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 | 20,000 |
| Tetra Pak | 12,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 |
| US Trustee Fees (Qrtly + 30) | - | - | - | - | - | - | - |
| Other ACH / Wires | - | - | - | - | - | - | - |
| Other checks | 50,000 | 225,000 | 225,000 | 225,000 | 225,000 | 225,000 | 225,000 |
| Subtotal: | 100,250 | 369,250 | 278,250 | 369,250 | 278,250 | 369,250 | 278,250 |
| Total Disbursements | 170,747 | 1,041,250 | 1,127,250 | 1,000,750 | 1,237,750 | 1,031,250 | 856,250 |
| Cummulative Difference | 575,459 | 459,209 | 406,959 | 381,209 | 343,459 | 312,209 | 330,959 |
| Collections - Disbursements | 79,253 | (116,250) | (128,750) | (25,750) | (37,750) | (31,250) | 18,750 |