UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re )
 ) Case No. _____
 )
 ) NOTICE OF **FINAL**
 ) HEARING ON MOTION
 ) FOR USE OF CASH COLLATERAL
 ) TO OBTAIN CREDIT
Debtor(s) ) *(Check One)*

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a Motion For Use of Cash Collateral To Obtain Credit *(check one)*. A copy of the motion, which includes the statement required by Local Form #541.5, is attached.

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3. A **FINAL** HEARING on the motion WILL BE HELD ON _____ AT_____ IN _____, Testimony will be received if offered and admissible.

4. If you wish to object to the motion, you must, within 14 days of the service date shown in pt. 5 below, file with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave #700, Portland OR 97204; or if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401): (1) a written response which states the facts upon which you will rely, and (2) a certificate showing a copy of the response has been served on the U.S. Trustee and the party named in pt. 2 above.

5. On _____ copies of this notice and the motion were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any creditors' committee chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any creditors' committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

 _____
 Signature of Moving Party or Attorney OSB #
 _____
 (If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541 (6/1/15)

In re Sunshine Dairy Foods Management, LLC;
Bankruptcy Case No. 18-31644-pcm11
Service List

**Debtor:**

Sunshine Dairy Foods Management, LLC
Attn: Norman Davidson, III
801 NE 21st Ave.
Portland, OR 97232

**Unsecured Creditors Committee:**

Valley Falls Farm, LLC
c/o Bryan P. Coluccio, V.P./General Counsel
Keystone-Pacific, LLC
18555 SW Teton Avenue
Tualatin, OR 97062
          Committee Chair

High Desert Milk
c/o Steven Tarbet, CFO
1033 Idaho Avenue
Burley, ID 83318

Electric Inc.
c/o Christopher C. Winston, President
P.O. Box 820386
Vancouver, WA 98682

Ernest Packaging Solutions
c/o Jennifer Delgadillo
Director of Corp. Credit
5777 Smith Way St.
Commerce, CA 90040

Stiebrs Farms, Inc
c/o Janis E. Stiebrs, President
P.O. Box 598
Yelm, WA 98597

**Lien Holders:**

Citibank, N.A.
388 Greenwich St., 25th Flr,
Mail Drop 7
New York, NY 10013

Citibank, NA
c/o Barbara Desoer - CEO
701 East 60th Street North
Sioux Falls, SD 57104

First Business Capital Corp.
401 Charmany Dr.
Madison, WI 53719

First Business Capital Corp.
c/o Chuck Batson, President & CEO
401 Charmany Dr
Madison, Wi 53719

Elm Services
PO Box 15270
Irvine, CA 92623-5270

EverBank Commercial Finance, Inc.
10 Waterview Blvd.
Parsippany, NJ 07054

EverBank Commercial Finance, Inc.
c/o Frederick Wolfert, CEO
10 Waterview Blvd.
Parsippany, NJ 07054

Banc of California, NA
18500 Von Karman Ave.
Ste 1100
Irvine, CA 92612

Banc of California, NA
c/o Doug Bowers, CEO
3 Macarthur Place
Santa Ana, CA 92707

ADS Group
PO Box 15270
Irvine, CA 92623

TCF Equipment Finance
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

TCF Equipment Finance
c/o Gary A. Peterson, President/CEO
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

Strada Capital Corporation
23046 Avenida de la Carlota, Ste 350
Laguna Hills, CA 92653;

Strada Capital Corporation
c/o Christopher Parsons, R.A.
23046 Avenida de la Carlota, Ste 350
Laguna Hills, CA 92653

LCA Bank Corporation
1375 Deer Valley Drive, Ste. 218
Park City UT 84060

LCA Bank Corporation
c/o Thomas T. Billings, Registered Agent
15 West South Temple Ste 1700
Salt Lake City, UT 84101

Multnomah Assessment & Taxation
501 SE Hawthorne, 1st Floor
P.O. Box 5007
Portland, OR 97208

Multnomah County Tax Assessor
Attn Angelika Loomis, Agent
PO Box 2716
Portland, OR 97208-2716

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4861
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

Nicholas J Henderson, OSB #074027
MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor St., Ste. 300
Portland, OR 97204
Telephone: 503-417-0508
Fax: 503-417-0528
Email: nhenderson@portlaw.com

Of Attorneys for Karamanos Holdings, Inc.
(Proposed Joint Debtor-in-Possession – Motion Pending)

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re<br><br>Sunshine Dairy Foods Management, LLC; and<br>Karamanos Holdings, Inc.<br><br><br>Debtors-in-Possession | Bankruptcy Case Nos.:<br><br>18-31644-pcm11 (Lead Case)<br><br>18-31646-pcm11<br><br>JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION |
|---|---|

Debtors-in-Possession Sunshine Dairy Foods Management, LLC ("Sunshine") and Karamanos Holdings, Inc. ("Karamanos") (collectively "Debtors"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1.D., move the Court for entry of a final order authorizing use of cash collateral as defined by 363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represent and state as follows:

Page 1 of 8   JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

1. On May 9, 2018 (the "Petition Date"), Debtors commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.

2. Pursuant to §§ 1107 and 1108 of the Code, Debtors are authorized to possession of Debtors' property and to operate and manage Debtors' business as debtors-in-possession.

## DEBTORS' BUSINESS

3. Sunshine is a limited liability company headquartered in Portland, Multnomah County, Oregon. Karamanos is an Oregon corporation headquartered in Portland, Multnomah County, Oregon. Debtors are in the business of manufacturing, packaging, and distributing dairy, non-dairy, and other related food products throughout the United States of America. The Debtors are the successor entity to the dairy delivery business founded in 1935 by John Karamanos. Debtors' operations employ over 100 individuals (including salaried and hourly employees) in the Portland area at two production locations. Debtors' business depends on the daily delivery of fresh food products to restaurants, retailers, and other customers, which would be greatly jeopardized by any delay in the Debtors' operations.

## PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL

4. The following entities ("Lien Creditors") may claim a lien in the Cash Collateral based upon the security interest held by the Lien Creditor for the following collateral:

/ / /

/ / /

/ / /

Page 2 of 8    JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| Citibank, N.A.<br>388 Greenwich St., 25th Flr, Mail Drop 7<br>New York, NY 10013 | 8248701 | Unknown. Believed to be $-0- | $2,568.00 | All right, title and interest of Debtor in and to all accounts and all other forms of obligations ("Accounts Receivable") owing to Supplier by Compass Group- USA, Inc. |
| First Business Capital Corp.<br>401 Charmany Dr.<br>Madison, WI 53719 | 91352308 | $9,027,482 | $12,740.00* | All Assets wherever located. |

*Property value includes only real estate values, full collateral value is substantially higher.

5.  Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Elm Services<br>PO Box 15270<br>Irvine, CA 92623-5270 | 90451311, 90548548 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| EverBank Commercial Finance, Inc.<br>10 Waterview Blvd.<br>Parsippany, NJ 07054 | 90718706-1 | Blanket Security Agreement by Assignment from Summit Funding Group |
| Banc of California, NA<br>18500 Von Karman Ave.<br>Ste 1100<br>Irvine, CA 92612 | 90963365<br>90963776 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| ADS Group<br>PO Box 15270<br>Irvine, CA 92623 | 91069271 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| TCF Equipment Finance<br>11100 Wayzata Blvd. #801<br>Minnetonka, MN 55305 | 91069288-9106288-1 | All equipment and personal property, including but not limited to furniture, fixtures and equipment by Assignment from Balboa Capital Corporation. |

Page 3 of 8    JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Strada Capital Corporation<br>23046 Avenida de la Carlota, Ste 350<br>Laguna Hills, CA 92653; | 91362566 | Co-Secured Party with LCA Bank Corporation. All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| LCA Bank Corporation<br>1375 Deer Valley Drive, Ste. 218<br>Park City UT 84060 | 91362566 | Co-Secured Party with Strada - All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657806 for tax year 2017/18 |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |
| Multnomah County Tax Collector | 91492965 | Machinery & Equipment Acct. R646168 for tax year 2017/18 |
| Multnomah County Tax Collector | 91495871 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |

6. To preserve the value of Debtors' business as a going concern, Debtors require the use of the accounts receivable and cash generated from Debtors' business to pay Debtors' operating expenses

7. Debtors require the use of Cash Collateral to make reasonable and necessary payments related to the Debtors' business including, but not limited to, raw material suppliers, ingredient suppliers, re-sale item suppliers, employee payroll with benefits, utilities, leases, transportation costs, and packaging costs.

8. In order to formulate a plan of reorganization, Debtors require the use of Cash Collateral for the payment of operating expenses. Debtors propose to use Cash Collateral of $9,270,000.00 over the period commencing May 11, 2018 through July 10, 2018, on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral ("Final Order") attached hereto as **Exhibit A**. Not less than three (3) days prior to the final hearing on use of Cash Collateral, Debtors shall file and serve a proposed 60 day budget to

Page 4 of 8   JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

accompany the Final Order. Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtors and cash collateral in possession of a Lien Creditor or an agent for a Lien Creditor on the Petition Date.

9. Debtors have made reasonable efforts to secure alternative financing. Debtors are unable to obtain necessary financial accommodations for its reasonable and necessary business expenses from any source.

10. After reasonable efforts, Debtors are unable, pursuant to §364(a) or (b), to obtain unsecured credit allowable under §503(b)(1) as an administrative expense.

11. Allowing Debtors to use Cash Collateral on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will maximize the value of the Debtors' assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

12. Without the use of Cash Collateral, Debtors have insufficient funds to meet Debtors' expenses. Debtors have an immediate need for Cash Collateral to pay Debtors' operating expenses, including payments for improvements, provide deposits to utilities as needed under 11 U.S.C. §366 and make adequate protection payments, all of which will preserve the value of Debtors' business.

13. The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF #541.7.

**PROPOSED TERMS OF CASH COLLATERAL ORDER**

14. Debtor further proposes that Debtors' authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as will be set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified

Page 5 of 8  JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

in the forthcoming Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for that Budget period.

### PROPOSED ADEQUATE PROTECTION

15. Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the Petition Date) in the value of the property of Debtors to which any of the liens of the parties identified in paragraph 4 herein shall have attached, and as security for and an inducement to said parties to permit use of Cash Collateral, Debtors propose to grant to each of them the following protection:

   a. A replacement lien on all of the post-petition property of the same nature and kind in which each of them has a pre-petition line or security interest. The replacement liens shall have the same relative priority vis-a-vis one another as existed on the petition date with respect to the original liens.

   b. Debtors shall timely perform and complete all actions necessary and appropriate to protect Lien Creditors' collateral against diminution in value.

   c. Subject to Debtors' sole discretion, or if subsequently ordered by the Court after notice and hearing, to commence making monthly payments of interest only, calculated at the then applicable non-default rates, to each Lien Creditor, beginning not later than the date that is 90 days after entry of the Order for Relief, based on the value of each respective Lien Creditor's interest in their respective collateral.

Page 6 of 8   JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

A significant equity cushion is in and of itself sufficient adequate protection to support a debtor's request or use of cash collateral. See In re Mellor, 734 F2d 1396 (9th Cir, 1984) where the Court implied that an equity cushion of 10% is sufficient to adequately protect a secured creditor for use of the secured creditor's cash collateral. Relying on Mellor, the Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: See In re Boulders on the River, Inc., 164 B.R. 99 (9th Cir. B.A.P. 1994).

16. Here, the Lien Creditors enjoy a sufficient equity cushion to supply adequate protection for their interests. First Business Capital Corp. based solely on its real estate collateral, enjoys an equity cushion of 40% which is likely understated in light of the additional collateral pledged. This far exceeds the Mellor standard for an equity cushion. Therefore, First Business Capital Corp. is adequately protected. The other Lien Creditor, Citibank, N.A., does not appear, based on the Debtors' records, to have an outstanding claim.

## NOTICE

17. No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtors have given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtors move the Court for:

1. A Final Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2. An Order after such final hearing on this motion to authorize the expenditures as set forth on the forthcoming Budget.

Page 7 of 8   JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

3. That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

Dated: May 23, 2018

| MOTSCHENBACHER & BLATTNER LLP | VANDEN BOS & CHAPMAN, LLP |
|---|---|
| By:/s/Nicholas J. Henderson<br>   Nicholas J. Henderson, OSB #074027<br>   Of Attorneys for Karamanos Holdings, Inc. | By:/s/Douglas R. Ricks<br>   Douglas R. Ricks, OSB #044026<br>   Of Attorneys for Sunshine Dairy Foods Management, LLC |

Page 8 of 8    JOINT MOTION FOR FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTORS-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | |
|---|---|
| Sunshine Dairy Foods Management, LLC; and<br>Karamanos Holdings, Inc.<br><br>Debtors-in-Possession. | 18-31644-pcm11 (Lead Case)<br><br>18-31646-pcm11<br><br>FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL |

THIS MATTER came before the Court on June 6, 2018 on the joint motion of Debtor-in-Possession, Sunshine Dairy Foods Management, LLC ("Sunshine") and Karamanos Holdings, Inc. ("Karamanos") (Proposed Joint Debtor-in-Possession – Motion Pending) (collectively "Debtors"), for Final authority to use cash collateral, due and adequate notice under the circumstances having been given, and the Court having heard the representations and argument of counsel, and being otherwise fully advised,

The Court finds that:

A. On May 9, 2018 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Code"). The Debtors continue in

Page 1 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 1 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

possession of Debtors' property and management of Debtors' businesses as debtors-in-possession, in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been appointed. The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and 1334. Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363 of the Code, FRBP 4001 and LBR 4001-1.D.

B. Without the use of Cash Collateral, Debtors assert they have insufficient funds to meet their expenses and other payments set forth in the Budget. Debtors assert there is an immediate need to use Cash Collateral to pay Debtors' payroll and other operating expenses and to preserve the value of Debtors' business.

C. Debtors assert they will suffer immediate and irreparable harm if Debtors are not permitted to use up to $9,270.000 for the period covering May 11, 2018 through July 10, 2018, in the amount and for the purposes set forth in the Budget, to meet Debtors' necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

D. Debtors assert that the following creditors, (the "Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Amount Owing | Property Value | Brief Collateral Description |
|---|---|---|---|---|
| Citibank, N.A.<br>388 Greenwich St., 25th Flr, Mail Drop 7<br>New York, NY 10013 | 8248701 | Unknown. Believed to be $-0- | $2,568.00 | All right, title and interest of Debtor in and to all accounts and all other forms of obligations ("Accounts Receivable") owing to Supplier by Compass Group- USA, Inc. |
| First Business Capital Corp.<br>401 Charmany Dr.<br>Madison, WI 53719 | 91352308 | $9,027,482 | $12,740,000 * | All Assets wherever located. |

* Property value includes only real estate values, full collateral value is substantially higher.

Page 2 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 2 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

E. Other than the Lien Creditors noted above, Debtors are not aware of any parties holding an interest in Cash Collateral. The parties below have filed UCC financing statements with the Oregon Secretary of State, but Debtors contend none of the parties below have an interest in the Cash Collateral:

| Lien Creditor | Loan No. (last 4 digits) / UCC No. | Brief Collateral Description |
|---|---|---|
| Elm Services<br>PO Box 15270<br>Irvine, CA 92623-5270 | 90451311,<br>90548548 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| EverBank Commercial Finance, Inc.<br>10 Waterview Blvd.<br>Parsippany, NJ 07054 | 90718706-1 | Blanket Security Agreement by Assignment from Summit Funding Group |
| Banc of California, NA<br>18500 Von Karman Ave.<br>Ste 1100<br>Irvine, CA 92612 | 90963365<br>90963776 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| ADS Group<br>PO Box 15270<br>Irvine, CA 92623 | 91069271 | All equipment and personal property, including but not limited to furniture, fixtures and equipment. |
| TCF Equipment Finance<br>11100 Wayzata Blvd. #801<br>Minnetonka, MN 55305 | 91069288-<br>9106288-1 | All equipment and personal property, including but not limited to furniture, fixtures and equipment by Assignment from Balboa Capital Corporation. |
| Strada Capital Corporation<br>23046 Avenida de la Carlota, Ste 350<br>Laguna Hills, CA 92653; | 91362566 | Co-Secured Party with LCA Bank Corporation. All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| LCA Bank Corporation<br>1375 Deer Valley Drive,<br>Ste. 218<br>Park City UT 84060 | 91362566 | Co-Secured Party with Strada - All equipment and personal property, including but not limited to furniture, fixtures and equipment |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657806 for tax year 2017/18 |
| Multnomah County Tax Collector | 91493028 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |
| Multnomah County Tax Collector | 91492965 | Machinery & Equipment Acct. R646168 for tax year 2017/18 |
| Multnomah County Tax Collector | 91495871 | Machinery & Equipment Acct. R657804 for tax year 2017/18 |

Page 3 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 3 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

**NOW, THEREFORE, it is ORDERED as follows:**

1. Debtors are authorized to use Cash Collateral not to exceed $9,270.000 for the period covering May 11 2018 through July 10, 2018 (the "Budget Period"), for the purposes specified in the Budget attached hereto as **Exhibit 1**. Debtors authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtors may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the budget variance shall not exceed ten percent (10%) of any line item expenditures under the Budget for the Budget Period. Debtors may only make expenditures on account of the line item related to "Contingency – Other" for ordinary and necessary business expenses unless otherwise approved by separate order of this Court and may not make any distributions to affiliates or insiders or make any payment prohibited by Paragraph 11 of this Order.

2. Notwithstanding anything to the contrary contained in 11 U.S.C. §552(a), as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of Lien Creditors' collateral arising from Debtors' use of the Cash Collateral post-petition, the Lien Creditors are each granted the following adequate protection:

    a) A perfected lien and security interest on all property, whether now owned or hereafter acquired by Debtors, or either of them, of the same nature and kind as secured the claim of the Lien Creditor on the Petition Date (the " Replacement Lien"); provided, however, that such Replacement Lien shall not attach to avoidance or recovery actions of Debtors' estate under Chapter 5 of the Code; and provided, further, that such Replacement Lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date

Page 4 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 4 of 9

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(such property on which the Replacement Lien shall attach being referred to herein as the "Replacement Collateral").

b) The interests of the Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

c) Debtors shall timely perform and complete all actions necessary and appropriate to protect the Cash Collateral against diminution in value.

d) The Replacement Lien on the Replacement Collateral shall be perfected and enforceable upon entry of this Order without regard to whether such Replacement Lien is perfected under applicable non-bankruptcy law.

e) The Replacement Lien shall be in addition to all other liens and security interests securing the secured claims of the Lien Creditors in existence on the Petition Date. Nothing in the Order shall abridge or limit Lien Creditors' security interests in proceeds, products or profits to extent provided under Section 552 of the Bankuptcy Code.

f) Debtors shall keep Lien Creditors' collateral and Replacement Collateral free and clear of all other liens, encumbrances and security interests, other than those in existence on the Petition Date, and shall pay when due all taxes, levies and charges arising or accruing from and after the Petition Date.

g) Upon reasonable prior notice, Debtors shall allow Lien Creditors access during normal business hours to Debtors' premises to inspect or appraise their collateral.

Page 5 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 5 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

h) If, notwithstanding the adequate protection provided by the terms of this Order, any of the Lien Creditors has a claim allowable under 11 U.S.C. §507(a)(2) arising from the stay of action against property of Debtors under 11 U.S.C. §362, from the use, sale or lease of such property under 11 U.S.C. §363, or from the granting of the replacement lien granted herein, then such Lien Creditor's claim under 11 U.S.C. §507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. §507(b).

3. This Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect in states where the Debtor (a) is domiciled, (b) operates its business, and (c) maintains its principal place of business. The Replacement Lien granted hereby shall be a valid, perfected and enforceable security interest and lien on the property of the Debtors and the Debtors' estate without further filing or recording of any document or instrument or any other action, but only to the extent of the enforceability of Lien Creditors' security interests in the Prepetition Collateral. Notwithstanding the foregoing, the Debtors are authorized and directed to execute and deliver to Lien Creditor(s) such financing statements, instruments and other documents as Lien Creditor(s) may deem necessary or desirable from time to time. To the extent necessary, the automatic stay in effect pursuant to 11 U.S.C. § 362 is hereby modified and lifted to permit the granting of the Replacement Lien as set forth herein.

4. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtors) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance

Page 6 of 9     FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 6 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtors, or Debtors' assets or (f) enhance the secured position of any creditor as of the Petition Date.

5. Debtors are authorized to execute and deliver to the Lien Creditors such instruments considered by them to be necessary or desirable to perfect the security interests and liens given to them herein, and said parties are authorized to receive, file and record the same.

6. On Wednesday of each week during the term of this Order, Debtors shall provide Lien Creditors and the chairperson and counsel for the Creditor's Committee with the following reports in a form reasonably satisfactory to Lien Creditors: (a) a weekly budget variance and reconciliation report that compares Debtors' actual sales, cash receipts and disbursement to the Budget, in each case both for the week through Friday of the immediately preceding the week and for the period beginning May 11, 2018, through the last day of such reporting period; (b) a weekly borrowing base report as required by Debtors' loan and security agreements with Lien Creditors; and (c) a weekly print out of all activity in Debtors' Debtor-in-Possession bank accounts with Key Bank or any other financial institution.

7. Absent further Order of the Court, Debtors' authority to use cash collateral shall terminate at 5:00 pm upon July 10, 2018 or the occurrence of any of the following: (a) the violation of the any of the terms of this Order, (b) the entry of an Order converting this case to a case under Chapter 7 of the Bankruptcy Code, (c) the termination, lapse,

Page 7 of 9   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 7 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

expiration or reduction of insurance coverage on Lien Creditors' collateral for any reason, or (d) the appointment of a trustee in this case.

8. Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtors' property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtors that any party has a valid or perfected lien in the cash of Debtors now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtors to contend that any party does not have a perfected lien or security interest in such cash.

9. The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order: (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtors; (c) converting Debtors' case to one under Chapter 7 of the Code; or (d) dismissing Debtors' case.  The priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

10. In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby.  Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such

Page 8 of 9    FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 8 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18

modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

11.     This Order does not grant authority to the Debtors to pay any pre-petition obligation, expense, or debt or to pay any administrative expense claims under Section 503(b)(9).  Debtors may only pay such administrative expense claims upon further order of this Court after the filing of an appropriate motion and notice of the same.

12.     Debtor's authority to use Cash Collateral may be extended beyond the amount in Paragraph 1 or the Budget Period by mutual agreement of the Debtor, First Business Capital Corporation and the Creditor's Committee.  In the event of such agreement, Debtor may submit a further order allowing the use of Cash Collateral without an additional motion or hearing.  Notice of the proposed extension, including the applicable Budget, shall be provided to the U.S. Trustee and the Creditors' Committee with 14 days for filing objections thereto.  If no objections are received, the extension order will take effect upon its stated date of commencement.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

VANDEN BOS & CHAPMAN, LLP

By:/s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Of Attorneys for Debtor-in-Possession

MOTSCHENBACHER & BLATTNER LLP

By:/s/Nicholas J. Henderson
    Nicholas J. Henderson, OSB #074027
    Of Attorneys for Karamanos Holdings, Inc.

**First Class Mail:**

See Attached List.

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system.

Page 9 of 9     FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

Exhibit A - Page 9 of 9

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 140    Filed 05/23/18