Douglas R. Ricks, OSB #044026
Robert J Vanden Bos, OSB #781002
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Sunshine Dairy Foods Management, LLC
    Debtors-in-Possession

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

    Of Attorneys for Karamanos Holdings, Inc.,
    Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Sunshine Dairy Foods Management, LLC<br>and<br>Karamanos Holdings, Inc.,<br><br><br><br>Debtors-in-Possession. | Bankruptcy Case Nos.<br><br>18-31644-pcm11 (Lead Case)<br><br>18-31646-pcm11<br><br>DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES |

    Debtors-in-Possession, Sunshine Dairy Foods Management, LLC ("Sunshine") and

Karamanos Holdings, Inc. ("Karamanos") (collectively "Debtors") move this Court for an

Order establishing procedures (as outlined in this motion) and authorizing the Debtors to pay

professional fees and expenses on a monthly basis for the following professionals: Vanden

Bos & Chapman, LLP (counsel for Sunshine Dairy Foods Management) , Motschenbacher &

Page 1 of 7    DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

Blattner LLP (counsel for Karamanos Holdings), Boverman & Assoc (CRO for the Debtors), and Leonard Law Group LLC (counsel for the Unsecured Creditors Committee) (collectively, the "Professionals").

## NOTICE

Debtors have provided notice of this motion to the Chairperson of the Official Creditors' Committee, counsel for the Official Unsecured Creditors' Committee, the creditors on the special notice list, all parties holding an interest in cash collateral and the U.S. Trustee. Due to the nature of the relief requested, Debtors respectfully submit that no further notice is necessary or required under the circumstances.

## PROPOSED PROCEDURE

1. On or before the 15th day of each month, any of the Professionals seeking payment from the bankruptcy estate or from pre-petition retainers may submit to the Debtors an invoice for fees and expenses incurred in the previous month or earlier. At the time each Professional submits the invoice to the Debtors, the Professional shall file a copy of the invoice with the Bankruptcy Court ("Court") and send a copy to (a) the attorneys for the Debtors, except that notice need not be provided to Special Counsel (if any); (b) the attorney and the chairperson of any committee appointed pursuant to §1102; (c) the U.S. Trustee; (d) all parties holding an interest in cash collateral; and (e) all parties requesting special notice (collectively, the "Notice Parties"). The Professionals may each redact their invoices as they may deem reasonably necessary.

2. Any party in interest who objects to payment of a particular invoice shall, on or before ten days of Notice thereof, file with the Court and serve on the Professional requesting payment and the Notice Parties, a written objection to all or part of the fees or

Page 2 of 7    DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

expenses requested in the invoice, specifically identifying the amounts to which objection is made and the basis for the objection.

3. If no objection to an invoice is filed within the time allowed, the Debtors shall promptly pay such invoice, provided however, that each Professional shall be required to first apply any unexhausted retainer in Professional's possession to pay, 80% of the fees and 100% of the expenses requested in such invoice, with Debtors' obligation to pay arising only after the retainer is exhausted. Any Professional holding a pre-petition "earned on receipt" retainer shall first utilize any earned on receipt retainer to satisfy invoices at 100% of fees and expenses, thereafter any retainers shall be utilized at 80% of fees and 100% of expenses. Total payments by the Debtors in any one month, however, will not exceed the maximum amount provided for monthly payment of professional fees in the budget that is appended to any applicable cash collateral order in effect in the case (the "Monthly Cap") If the aggregate amount of all Fee Statements submitted in any month exceeds the Monthly Cap, payments will be made pro rata to all Professionals having submitted Fee Statements for that month. In the event an objection is filed, the Debtors can pay such portion of the invoice as to which there is no objection but shall not pay any portion of the invoice to which an objection has been filed.

4. On or before September 15, 2018 and every four (4) months thereafter, during the time this case remains open, each Professional who has received, or who intends to receive compensation for services rendered in the previous four months, shall file with the Court and serve on the Notice Parties an interim fee application pursuant to §331 and in the form required by and subject to LBR 2016, except for those provisions regarding notice of the application and the filing of an interim report. Each such application shall include all

Page 3 of 7   DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

fees and expenses incurred during the previous four months whether or not the fees were paid pursuant to this monthly payment procedure contemplated by this motion.

5. The Court shall conduct hearings to consider the interim fee applications in approximately October (commencing October 2018), February and June of each calendar year the case remains open, subject to the Court's calendar. The Court may allow or disallow all or any portion of the fees and expenses requested in the application. If the Court awards an amount greater than that previously paid under the foregoing procedure, Debtors shall promptly pay the additional amount. If the Court disallows all or any portion of the fees and expenses requested in the application, the Professional shall repay to the Debtors, within 10 business days of the Court's order, all amounts previously paid by the Debtors in excess of the allowed amount.

6. Each Professional desiring to receive payments pursuant to the terms of this Order shall file a verified statement warranting the professional's financial capability to repay to the bankruptcy estate all amounts such professional may receive on an interim basis pursuant to this Order. Any Professionals who have not previously received an order authorizing their employment shall file such verified statement together with their application for employment.

## **ARGUMENT**

7. In *In re Knudsen Corp.*, 84 BR 668, 672 (BAP 9th Cir. 1988), the Bankruptcy Appellate Panel for the Ninth Circuit held that monthly payments to professionals are appropriate when the following four conditions are met:

    a. The case is an unusually large one in which an exceptionally large amount of fees accrues each month;

Page 4 of 7    DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

b. Waiting an extended period for payment would place an undue hardship on the professional;

c. The professionals who receive payment can respond to any reassessment for fees and expenses not ultimately approved by the court; and

d. The monthly payment procedure is subject to a noticed hearing prior to any payments thereunder.

These four conditions exist in this case. This is a large case within this District. The amount of professional activity anticipated will be quite high each month resulting in the accrual of substantial fees. Given the dollar size of claims in the case, the anticipated negotiations which will be required with sophisticated counsel for the creditors, the complexity and uniqueness of the issues, and the potential for litigation and controversy in this case, the accrued amounts which will become owing to one or more of the Professionals will likely be substantial unless the Professionals are paid on a monthly basis. This would pose an undue hardship on the Professionals. The proposed procedure is subject to notice and an opportunity to object. Furthermore, the Processionals are capable of responding to any order of this Court requiring them to repay any disallowed fees and expenses which have been paid to them in this case.

8. Vanden Bos & Chapman, LLP's pre-petition application of its $100,000 earned on receipt retainer was appropriate and should be confirmed. The use of earned on receipt retainers in bankruptcy cases is neither novel nor new. See: *In re Heritage Mall Associates*, 184 BR 128 (Bankr D Or 1995) ("Heritage"). Heritage not only approved monthly payment procedures for the bankruptcy professionals after finding the four *Knudsen* factors present, but also analyzed and upheld the immediate application by the debtor's attorneys of an

Page 5 of 7   DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

"earned on receipt retainer." The court approved the deposit those funds in the firm's general account prior to the provision of services commensurate with the amount of the retainer. In doing so, the court held that the amount of the retainer was likely to be less than the total amount of fees to be awarded in the case. *Id.* at 135. Heritage is in accord with the law of Oregon, which specifically authorizes attorneys to be paid "earned on receipt retainers" so long as certain disclosures are made to the client. See: Oregon Rules of Professional Conduct, Rule 1.5. As shown in the Application to Employ Vanden Bos & Chapman, LLP, the ORCP Rule 1.5 written disclosures were timely made to Debtor. Both the *Knudsen* and *Heritage Mall* courts recognized that monthly payment procedures are appropriate as long as the ultimate fees awarded and paid are subject to approval of the court. Given the complexities in the Sunshine case, the projected fees for debtor's counsel in the Sunshine case will easily exceed the amount of the earned on receipt retainer which was applied by Vanden Bos & Chapman, LLP prepetition. (By way of reference, as of the petition date, Vanden Bos & Chapman, LLP had already provided services and advanced expenses totaling approximately $25,692.00). Under the *Heritage* rationale, Vanden Bos & Chapman, LLP's earned on receipt retainer is therefore entirely appropriate and should be approved. Vanden Bos & Chapman, LLP will not seek compensation from the State until after its fees and expenses, calculated on an hourly basis, exceed the amount of the earned on receipt retainer. Of course, if the Court orders a portion of the earned on receipt retainer to be reinstated and held in the Vanden Bos & Chapman, LLP client trust account, or if an agreement is reached with the office of the United States Trustee for a partial return of the earned on receipt retainer, Vanden Bos & Chapman, LLP will promptly redeposit such amount into its client trust account to be utilized for payment of monthly billing statements under the "Knudsen" procedures proposed by this motion.

Page 6 of 7    DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

9. Waiting an extended period of time for payment of professional fees and expenses would place a hardship on the Professionals. Furthermore, allowing fees to accumulate over a four-month or longer period would artificially inflate the Debtors' monthly cash reserves. Monthly payments would also provide a more accurate picture of the Debtors' financial situation at any given moment and avoid an accumulation of unpaid administrative expenses that could potentially impede confirmation of a Chapter 11 Plan.

## CONCLUSION

For the reasons herein stated, the Court should enter an order authorizing the proposed payment procedures set forth above for payment of interim professional compensation in this case.

Dated: June 12, 2018

| MOTSCHENBACHER & BLATTNER LLP | VANDEN BOS & CHAPMAN, LLP |
|---|---|
| By:/s/Nicholas J. Henderson<br>   Nicholas J. Henderson, OSB #074027<br>   Of Attorneys for Karamanos | By:/s/Robert J Vanden Bos<br>   Douglas R. Ricks, OSB #044026<br>   Robert J Vanden Bos, OSB #781002<br>   Of Attorneys for Sunshine |

Page 7 of 7    DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 210    Filed 06/12/18

<u>In re Sunshine Dairy Foods Management, LLC</u>
Ch 11 Bankruptcy Case No. 18-31644-pcm11(Lead Case)
<u>In re Karamanos Holdings, Inc.</u>;
Ch 11 Bankruptcy Case No. 18-31646-pcm11

CERTIFICATE - TRUE COPY

DATE: June 12, 2018

DOCUMENT: DEBTORS' JOINT MOTION TO ESTABLISH PROCEDURES FOR PAYMENT OF INTERIM PROFESSIONAL FEES

    I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

    I hereby certify that I served a copy of the foregoing on:

See Attached List. (The original Service List is attached to the original copy filed with the Court only. Creditors may request a copy of the Service List by contacting the undersigned.)

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

    I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

    Dated: June 12, 2018

    VANDEN BOS & CHAPMAN, LLP

    By:<u>/s/Robert J Vanden Bos</u>
       Douglas R. Ricks, OSB #044026
       Robert J Vanden Bos, OSB #781002
       Of Attorneys for Debtors-in-Possession

In re Sunshine Dairy Foods Management, LLC;
Bankruptcy Case No. 18-31644-pcm11 (Lead Case);
In re Karamanos Holdings, Inc.;
Bankruptcy Case No. 18-31646-pcm11
Service List

**Debtors:**

Sunshine Dairy Foods Management, LLC
Attn: Norman Davidson, III
801 NE 21st Ave.
Portland, OR 97232

Karamanos Holdings, Inc.
Attn: Norman Davidson, III
801 NE 21st Ave.
Portland, OR 97232

**Unsecured Creditors Committee:**

Valley Falls Farm, LLC
c/o Bryan P. Coluccio, V.P./
General Counsel
Keystone-Pacific, LLC
18555 SW Teton Avenue
Tualatin, OR 97062

High Desert Milk
c/o Steven Tarbet, CFO
1033 Idaho Avenue
Burley, ID 83318

Electric Inc.
c/o Christopher C. Winston, President
P.O. Box 820386
Vancouver, WA 98682

Ernest Packaging Solutions
c/o Jennifer Delgadillo
Director of Corp. Credit
5777 Smith Way St.
Commerce, CA 90040

Stiebrs Farms, Inc
c/o Janis E. Stiebrs, President
P.O. Box 598
Yelm, WA 98597

**Lien Holders:**

Citibank, N.A.
388 Greenwich St., 25th Flr,
Mail Drop 7
New York, NY 10013

Citibank, NA
c/o Barbara Desoer - CEO
701 East 60th Street North
Sioux Falls, SD 57104

First Business Capital Corp.
401 Charmany Dr.
Madison, WI 53719

First Business Capital Corp.
c/o Chuck Batson, President &
CEO 401 Charmany Dr
Madison, Wi 53719

Elm Services
PO Box 15270
Irvine, CA 92623-5270

EverBank Commercial
Finance, Inc.
10 Waterview Blvd.
Parsippany, NJ 07054

EverBank Commercial
Finance, Inc.
c/o Frederick Wolfert, CEO
10 Waterview Blvd.
Parsippany, NJ 07054

Banc of California, NA
18500 Von Karman Ave.
Ste 1100
Irvine, CA 92612

Banc of California, NA
c/o Doug Bowers, CEO
3 Macarthur Place
Santa Ana, CA 92707

Hammi Bank
Assigned Claim Bank of
California, NA
3660 Wilshire Blvd.
Los Angeles, CA 91001

Hammi Bank
Attn: C. J. Kum, CEO & Pres.
3660 Wilshire Blvd.
Los Angeles, CA 91001

Hanmi Bank
c/o Orion First Financial, LLC
5403 Olympic Drive, Suite 200
Gig Harbor, WA 98335

ADS Group
PO Box 15270
Irvine, CA 92623

TCF Equipment Finance
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

TCF Equipment Finance
c/o Gary A. Peterson, President/CEO
11100 Wayzata Blvd. #801
Minnetonka, MN 55305

Strada Capital Corporation
23046 Avenida de la Carlota,
Ste 350
Laguna Hills, CA 92653;

Strada Capital Corporation
c/o Christopher Parsons, R.A.
23046 Avenida de la Carlota,
Ste 350
Laguna Hills, CA 92653

LCA Bank Corporation
1375 Deer Valley Drive, Ste. 218
Park City UT 84060

LCA Bank Corporation
c/o Thomas T. Billings, Registered
Agent
15 West South Temple Ste 1700
Salt Lake City, UT 84101

Multnomah Assessment & Taxation
501 SE Hawthorne,1st Floor
P.O. Box 5007
Portland, OR 97208

Multnomah County Tax Assessor Attn
Angelika Loomis, Agent
PO Box 2716
Portland, OR 97208-2716

**Special Notice:**

Scott Laboratories Inc.
Attn: Jill Skoff, Accting Assistant
PO Box 4559
Petaluma, CA 94955

Sorrento Lactalis, Inc.
c/o Phillips Lytle LLP
Attn: Angela Z. Miller
125 Main Street
Buffalo, NY 14203

**Electronic Mail:**

The foregoing was served on all CM/ECF
participants through the Court's Case
Management/ Electronic Case File system.