Douglas R. Ricks, OSB #044026
Robert J Vanden Bos, OSB #781002
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

    Of Attorneys for Sunshine Dairy Foods Management, LLC
    Debtors-in-Possession

Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

    Of Attorneys for Karamanos Holdings, Inc.,
    Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Bankruptcy Case Nos. |
|---|---|
| Sunshine Dairy Foods Management, LLC and<br>Karamanos Holdings, Inc.,<br><br>Debtors-in-Possession. | 18-31644-pcm11 (Lead Case)<br><br>18-31646-pcm11<br><br>MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER |

    At the initial hearing on the application to employ counsel for Debtor-in-Possession Sunshine Dairy Foods Management, LLC ("Sunshine"), Vanden Bos & Chapman LLP ("VBC"), the Court and the U.S. Trustee raised concerns in connection with the prepetition earned-on-receipt retainer paid to VBC. The U.S. Trustee and VBC have reached a compromise on this issue related to the employment of VBC and an agreed form of order is

Page 1 of 5    MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 235    Filed 06/19/18

expected to be submitted to approve VBC's employment. Sunshine and VBC submit this memorandum in support of the treatment allowing an earned-on-receipt retainer and in support of the Joint Motion to Establish Procedures for Payment of Interim Professional Fees (Dkt. No. 210).

## ARGUMENT

The employment of counsel for a corporate debtor in any case under the Bankruptcy Code is an absolute necessity. For a proceeding under Chapter 11, counsel for a corporate debtor is undertaking a significant risk of payment based on the success or failure of the debtor's reorganization effort. As succinctly stated by one bankruptcy judge,

> It is the norm that a corporate chapter 11 debtor pays a retainer to its bankruptcy counsel prior to filing the petition. Experienced bankruptcy lawyers rarely undertake representation of a debtor-in-possession without a retainer. Indeed, the Court might doubt the competence of a bankruptcy lawyer who accepts an engagement to represent a chapter 11 debtor without a retainer or similar assurance of payment. To do so would put counsel completely at risk for counsel's fee based on the success or failure of the case as a whole. So, a corporate chapter 11 debtor is required to have counsel and that counsel almost always must be paid a retainer.

*Armstrong Bank v. Shraiberg, Landau & Page, P.A. (In re Tuscany Energy, LLC)*, 581 B.R. 681, 686 (Bankr. S.D. Fla. 2018).

In fact, the practice of payment of a prepetition retainer to a Chapter 11 lawyer is the most universal of all payment methods for the practicing Chapter 11 bar. *Id.* at 686-87. For example, it is permissible for the debtor to use funds to pay prepetition retainer from a source which both the debtor and the Chapter 11 lawyer know to be subject to a security interest in favor of one of the chapter 11 debtor's creditors. *Id.* at 687. Even under the statutory restrictions on consumer debtors obtaining credit (e.g. 11 U.S.C. § 526), it is perfectly permissible for the debtor to borrow money prepetition to pay its lawyer. *Olsen v.*

Page 2 of 5    MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 235    Filed 06/19/18

*Gonzales*, 350 B.R. 906, 916 (D. Or. 2006) *rev'd on other grounds* 402 Fed. Appx. 311 (9th Cir. 2010). Both the practical realities faced by bankruptcy debtors and their counsel and the applicable law support the payment of a retainer to secure the services of counsel for the debtor in connection with the bankruptcy case.

For more than 20 years, the law in the bankruptcy court for the District of Oregon has been that earned-on-receipt retainers are a permitted procedure for prepetition compensation of Chapter 11 attorneys. *In re Heritage Mall Assocs.*, 184 B.R. 128 (Bankr. D. Or. 1995). As outlined by Judge Radcliffe, certain circumstances in the case must be present to qualify for the use of this form of retainer, and the law firm requesting and accepting an earned-on-receipt retainer is obligated to follow the Oregon ethical rules to properly disclose to the client the use of the earned on receipt retainer. *Id.* at 132-35.

Judge Radcliffe's decision in *Heritage Mall* has been widely cited and followed, and rightly so. *See In re Zavala*, No. 10-20753-MM11, 2011 Bankr LEXIS 2284, at *5 (Bankr SD Cal June 8, 2011) (the "reasonableness of an "earned on receipt" retainer must meet the standards identified in *In re Heritage Mall Assocs.*"); *In re Bressman*, 214 B.R. 131, 139 (Bankr. D.N.J. 1997) (describing the three types of retainers and applying the "earned on receipt retainer" standard of *In re Heritage Mall Assocs*); *Kun v. Mansdorf (In re Woodcraft Studios)*, 464 B.R. 1, 11 n.9 (N.D. Cal. 2011) (comparing the views of different courts on "earned on receipt, retainers" in footnote); *Danner v. United States Tr. (In re Danner)*, Nos. ID-11-1315-HJuMk, ID-11-1525-HJuMk, 2012 Bankr. LEXIS 3634, at *14 (B.A.P. 9th Cir. July 31, 2012) (following *In re Heritage Mall Assocs.* to review employment application for reasonableness); *In re Keller Fin. Servs. of Fla., Inc.*, 248 B.R. 859, 905 (Bankr. M.D. Fla. 2000) (recognizing *In re Heritage Mall Assocs.* as persuasive authority to review

Page 3 of 5   MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 235    Filed 06/19/18

reasonableness).  There appears to be no legal authority that would counsel against following the *Heritage Mall* approach to evaluating an earned-on-receipt retainer.

Under the *Heritage Mall* ruling, the following factors must be present in the case to support the use of an earned-on-receipt retainer:

1. Whether or not the case is an unusually large or complex one in which an exceptionally large amount of fees might accrue each month;

2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;

3. The court is satisfied that the firm can respond if disgorgement is ordered;

4. The experience of the professional involved;

5. Whether or not the firm or other professionals have been precluded from accepting other employment in order to take the debtor's case;

6. If that portion of the retainer which is "earned-on-receipt" is reasonable in its amount.  In other words, in order to be reasonable, the "earned-on-receipt" portion of the retainer should be a sum which is likely to be less than the total amount of fees awarded in the case. If it appears likely, that the fees to be awarded will be less than the "earned-on-receipt retainer", then the amount of the retainer may be unreasonable and excessive; and

7. The existence of the fee agreement must be adequately disclosed to the court and other interested parties.

*Heritage Mall*, 184 B.R. at 134-35.

As shown by the Declaration of Robert J Vanden Bos, all of the *Heritage Mall* criteria are present and apply in the Sunshine case.  This favors the allowance of an earned-on-

Page 4 of 5     MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 235    Filed 06/19/18

receipt retainer for VBC.  Moreover, VBC followed the requisite procedures under the Oregon Rules of Professional Conduct ("ORPC") prior to accepting/designating the retainer as "earned on receipt."  Specifically, VBC complied with ORPC 1.5 by providing the Debtor with a written disclosure of the earned-on-receipt retainer.  The disclosure was part of the fee agreement and was submitted to the court with the Application for employment.  The ORPC 1.5 Disclosure is attached to the Declaration of Robert J Vanden Bos submitted in support of the Employment Application.

## CONCLUSION

For the foregoing reasons, and based on applicable law, the Court should approve the Application for Employment of Vanden Bos and Chapman, LLP, including approving a portion of the prepetition retainer as an earned on receipt retainer under the terms and conditions which will be set forth in the expected agreed order approving VBC's employment.  If for any reason the expected agreed order is opposed or will not be entered by the Court, then the Court should approve the Application for Employment of Vanden Bos and Chapman, LLP, including the earned-on-receipt retainer provided for in the Fee Agreement between Vanden Bos & Chapman and Sunshine.

VANDEN BOS & CHAPMAN, LLP


By: /s/Douglas R. Ricks
    Douglas R. Ricks, OSB #044026
    Robert J Vanden Bos, OSB #781002
    Of Attorneys for Debtors-in-Possession

Page 5 of 5    MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 235    Filed 06/19/18

<u>In re Sunshine Dairy Foods Management, LLC</u>
Ch 11 Bankruptcy Case No. 18-31644-pcm11(Lead Case)
<u>In re Karamanos Holdings, Inc.</u>;
Ch 11 Bankruptcy Case No. 18-31646-pcm11

CERTIFICATE - TRUE COPY

DATE: June 19, 2018

DOCUMENT: MEMORANDUM IN SUPPORT OF USE OF EARNED ON RECEIPT RETAINER

I hereby certify that I prepared the foregoing copy of the foregoing named document and have carefully compared the same with the original thereof and it is a correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing on:

| | | |
|---|---|---|
| Sunshine Dairy Foods Management, LLC<br>Attn: Norman Davidson, III<br>801 NE 21st Ave.<br>Portland, OR 97232 | Valley Falls Farm, LLC<br>c/o Bryan P. Coluccio, V.P. and General Counsel Keystone-Pacific, LLC<br>18555 SW Teton Avenue<br>Tualatin, OR 97062<br>(Un. Sec. Cred. Comm. Chairperson) | Sorrento Lactalis, Inc.<br>c/o Phillips Lytle LLP<br>Attn: Angela Z. Miller<br>125 Main Street<br>Buffalo, NY 14203<br>. |
| Karamanos Holdings, Inc.<br>Attn: Norman Davidson, III<br>801 NE 21st Ave.<br>Portland, OR 97232 | Scott Laboratories Inc.<br>Attn: Jill Skoff, Accting Assistant<br>PO Box 4559<br>Petaluma, CA 94955 | |

by mailing a copy of the above-named document to each of them in a sealed envelope, addressed to each of them at his or her last known address. Said envelopes were deposited in the Post Office at Portland, Oregon, on the above date, postage prepaid.

I hereby certify that the foregoing was served on all CM/ECF participants through the Court's Case Management/Electronic Case File system on the date set forth below.

Dated: June 19, 2018

VANDEN BOS & CHAPMAN, LLP


By:<u>/s/Robert J Vanden Bos</u>
    Douglas R. Ricks, OSB #044026
    Robert J Vanden Bos, OSB #781002
    Of Attorneys for Debtors-in-Possession

Page 1 – CERTIFICATE OF SERVICE