Below is an Order of the Court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Bankruptcy Case Nos. |
| Sunshine Dairy Foods Management, LLC, and | 18-31644-pcm11 (Lead Case) |
| Karamanos Holdings, Inc. | 18-31646-pcm11 |
| | ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR |
| Debtors-in-Possession. | (Vanden Bos & Chapman, LLP) |

THIS MATTER having come before the court upon the Application of Debtor, Sunshine ("Debtor") for Authority to Employ Attorney (Vanden Bos & Chapman, LLP) (Dkt. No. 4) the "Application," praying for authority to employ and appoint the firm of Vanden Bos & Chapman, LLP ("VBC") to represent Debtor as debtor-in-possession herein; and the Court being advised that VBC represents no interest adverse to the Debtor as debtor-in-possession herein (except as disclosed in the second amended Rule 2014 Verified Statement on file herein) on the matters upon which the firm is to be engaged, that the firm's employment is necessary and would be in the best interest of the estate; and the Court being otherwise fully advised, it is hereby

Page 1 of 3    ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 249    Filed 06/21/18

ORDERED as follows:

1. Debtor is authorized to employ the law firm of VBC, to represent Debtor as debtor-in-possession, in this proceeding under Chapter 11 of the Bankruptcy Code.

2. The terms and conditions of the employment of VBC, as set forth in this Order and in the Attorney/Client Fee Agreement attached as **Exhibit A**, are approved, except as follows:

   a. Of the $100,000 earned-on-receipt retainer, a total of $40,000 shall be returned to the Client Trust Account for VBC and held by VBC as a retainer to be utilized to pay post-petition fees when approved under procedures to be established by the Court. Of the remaining $60,000, a total of $50,000 shall be designated as the minimum fee, earned-on-receipt retainer and a total of $10,000 shall be designated as the "risk fee" for services in the event of a conversion of the case to one under Chapter 7.

   b. The $40,000 to be held in Client Trust Account for VBC may be utilized to pay fees as provided under an order entered in connection with the Debtors' Joint Motion to Establish Procedures for Payment of Interim Professional Fees (Doc No 210) or as otherwise ordered by the Court.

   c. The $50,000 minimum fee, earned-on-receipt retainer is subject to a review for reasonableness and possible disgorgement as permitted under 11 U.S.C. §§329, 330. VBC's allowed fees shall be deducted first from its $50,000 earned-on-receipt retainer, next from the $40,000 retainer established under subparagraph 2a above, and lastly from cash collateral if allowed under the terms of any applicable cash collateral order.

Page 2 of 3   ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11    Doc 249    Filed 06/21/18

d. VBC's pre-petition fees shall be deemed paid by its pre-petition retainer up to 100% of fees actually incurred pre-petition, plus 100% of expenses, subject to final review and approval by the Court. Thereafter, VBC can draw down its retainers (at the times allowed under procedures to be established by the Court) at the rate of 80% for post-petition fees, plus 100% of expenses.

e. The $10,000 "risk fee" shall be credited to approved but unpaid fees to VBC for Chapter 11 services upon entry of an order confirming the plan and, in the event of a conversion of the case to one under Chapter 7, subject to a review for reasonableness and possible disgorgement as permitted under 11 U.S.C. §329.

3. Compensation shall be set by the Court to be paid upon Applicant's compliance with the procedures set forth in 11 U.S.C. §330(a). This Order shall be effective only if the firm to which it applies is a "disinterested person" as defined by 11 U.S.C. §101(14).

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

PRESENTED BY:

By:/s/Douglas R. Ricks
   Douglas R. Ricks, OSB #044026
   Of Attorneys for Debtors-in-Possession

**First Class Mail:**

Sunshine Dairy Foods Management, LLC
Attn: Norman Davidson, III
801 NE 21st Ave.
Portland, OR 97232

Karamanos Holdings, Inc.
Attn: Norman Davidson, III
801 NE 21st Ave.
Portland, OR 97232

Valley Falls Farm, LLC
c/o Bryan P. Coluccio, V.P. and General Counsel Keystone-Pacific, LLC
18555 SW Teton Avenue
Tualatin, OR 97062
(Un. Sec. Cred. Comm. Chairperson)

Scott Laboratories Inc.
Attn: Jill Skoff, Accting Assistant
PO Box 4559
Petaluma, CA 94955

Sorrento Lactalis, Inc.
c/o Phillips Lytle LLP
Attn: Angela Z. Miller
125 Main Street
Buffalo, NY 14203

**Electronic Mail:**

The foregoing was served on all CM/ECF participants through the Court's Case Management/ Electronic Case File system.

Page 3 of 3   ORDER FOR THE EMPLOYMENT OF COUNSEL FOR DEBTOR (Vanden Bos & Chapman, LLP)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 18-31644-pcm11   Doc 249   Filed 06/21/18

# DISCLOSURE TO CLIENT OF TERMS OF "EARNED ON RECEIPT RETAINER" PROVISION WITHIN ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT ("DISCLOSURE")

**Attorney:** VANDEN BOS & CHAPMAN, LLP

**Client:** SUNSHINE DAIRY FOODS MANAGEMENT, LLC

**Dated:** May 8, 2018

**NOTICE:** The Attorney/Client Chapter 11 Fee Agreement ("Fee Agreement") executed between Attorney and Client on the date shown above provides for payment by Client to Attorney of an "EARNED ON RECEIPT RETAINER." The terms and conditions of the "EARNED ON RECEIPT RETAINER" are fully explained in the Fee Agreement.

The Oregon Rules of Professional Conduct (Rule 1.5) require that the following disclosures be made to Client in connection with an agreement to pay a lawyer an "EARNED ON RECEIPT RETAINER":

1. Your "EARNED ON RECEIPT RETAINER" funds will not be deposited into the Attorney's trust account. Alternatively, if the funds to be used as the "EARNED ON RECEIPT RETAINER" are currently on deposit in the Attorney's trust account, all the funds will be withdrawn from the Attorney's trust account and disbursed to the Attorney when the fee is deemed "EARNED ON RECEIPT" in accordance with the terms of the Fee Agreement, which will be the date of this Disclosure shown above, unless Attorney agrees in writing to a different date.

2. Client may discharge the Attorney at any time and in that event, Client may be entitled to a refund of all or part of the fee if the services for which the fee was paid are not completed.

By signing below, Client acknowledges receipt of these disclosures and the Client's consent to the terms and conditions of the "EARNED ON RECEIPT RETAINER" as provided for in the Fee Agreement. To the extent that the terms and conditions of the Fee Agreement are inconsistent with this document, the terms and conditions of this document will control.

/ / /

/ / /

/ / /

Page 1 of 3 – Disclosure to Client of Terms of Earned on Receipt Retainer

ATTORNEY:

VANDEN BOS & CHAPMAN, LLP

By: /s/ Douglas R. Ricks
Douglas R. Ricks, Partner

CLIENT:

SUNSHINE DAIRY FOODS
   MANAGEMENT, LLC

By: /s/ Norman Davidson, III
Norman Davidson, III
President of Sunshine
Dairy Enterprises, Inc.,
Member of Client

By: /s/ Norman Davidson, III
Norman Davidson, III
President of Karamanos Holdings, Inc.
Managing Member of Client

Page 2 of 2 – Disclosure to Client of Terms of Earned on Receipt Retainer

# ATTORNEY/CLIENT CHAPTER 11 FEE AGREEMENT
(Earned on Receipt Retainer)

**CLIENT:** SUNSHINE DAIRY FOODS MANAGEMENT, LLC

**ATTORNEY:** VANDEN BOS & CHAPMAN, LLP

**DATED:** May 8, 2018

Client desires to retain Attorney for but not limited to the purposes described in this Agreement and agrees to be responsible for payment of the Attorney's fees and costs as established in this Agreement. Attorney agrees to represent Client under the terms and conditions of this Agreement and to be compensated at the rates set forth in this Agreement.

Client requests and the Attorney agrees to render professional services including (a) giving the Client legal advice with respect to its business operations (b) assisting the Client in any proposed reorganization of its business (c) if authorized, filing an appropriate petition for relief under Title 11 of the United States Bankruptcy Code; (d) giving the Client legal advice with respect to its powers and duties in any proceeding in bankruptcy; (e) proposing on behalf of the Client all necessary applications, answers, orders, reports or other legal papers; (f) performing for the Client any and all other legal services which may be necessary in connection with the filing of any petition or proceeding in bankruptcy.

Client and Attorney agree that the Attorney's compensation for services performed pursuant to this Agreement shall be the Attorney's customary hourly rates in effect at the time the services are performed for the Attorneys, legal assistants and staff who provide services for the Client. At the time of the execution of this Agreement, the current hourly rates are as follows:

| | |
|---|---|
| Robert J Vanden Bos, Managing Partner | $520 |
| Ann K. Chapman, Partner | $450 |
| Douglas R. Ricks, Partner | $395 |
| Christopher N. Coyle, Partner | $375 |
| Certified Bankruptcy Assistants | $250 |
| Legal Assistants | $130 |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law. Attorney's time and paralegal time is billed in minimum .10 hour increments

Client will be provided with itemized monthly statements for services rendered and expenses incurred which will be mailed on approximately the 10th of each calendar month.

**Earned on Receipt Retainer - Minimum Fee.** Client agrees to a Minimum Fee of **One Hundred, Thousand Dollars ($100,000.00)** for Attorney's engagement, which shall be paid in advance and deemed earned on receipt or, in the exercise of Attorney's discretion, deemed earned on any subsequent date prior to the date

Client's Chapter 11 case is filed. The minimum fee shall be applied as indicated in this Agreement. Based on a variety of factors and confidential discussions between Attorney and Client subject to an Attorney/Client privilege, Attorney and Client agree that the earned on receipt retainer is a reasonable estimate of the minimum amount of fees Attorney will expend in the case. Some of the factors which Attorney and Client considered in projecting the Minimum Fee included the following:

- a) The size of the case in terms of assets, liabilities; number of creditors;

- b) The type of the debt: secured, priority and unsecured;

- c) The existence of disputes or litigation, both pre or postpetition;

- d) The sophistication or lack thereof of the Client;

- e) The condition of the Client's books and records;

- f) The possibility of postpetition litigation in which Attorney will have the obligation to defend Client;

- g) The inability of Attorney to resign without Court approval;

- h) The complexity of the Client's affairs;

- i) The amount of Attorney fees typically incurred by a Chapter 11 Debtor for a comparable Chapter 11 cases within the District of Oregon

- j) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

- k) Because Attorney has a small office in terms of the number of partners and associate attorneys, and a finite amount of time available to perform work for Clients, Client acknowledges the likelihood that acceptance of Client's chapter 11 case will necessarily preclude the Attorney from accepting other significant employment or cases;

- l) The time limitations dictated by the Client circumstances, which will require a prompt filing and potentially significant time incurred in connection with contested matters at the outset of the case;

- m) The nature and length of the professional relationship between the Attorney and the Client;

- n) The experience, reputation and ability of the Attorney; and

- o) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly.

Attorney and Client agree that the actual fees will likely be more because of a

variety of factors, many of which are not within the control of Attorney or Client. Attorney is not limited to the Minimum Fee. Attorney and Client acknowledge that the Bankruptcy Court is entitled to review Attorney's fees, including the earned on receipt

Page 2 - ATTORNEY/Client CHAPTER 11 FEE AGREEMENT
    (Earned on Receipt Retainer)              Form Revised 06/26/17
**Exhibit A - Page 4 of 12**

Case 18-31644-pcm11    Doc 249    Filed 06/21/18

retainer, for reasonableness. The Bankruptcy Court may reduce the amount of the earned on receipt retainer in such amount that it determines reasonable based on the totality of the circumstances, including a consideration of the reasonableness of the fee based on the circumstances which existed at the time the employment began, as well as a consideration of the reasonableness of the fee after the services have been rendered and the representation has concluded. If the Bankruptcy Court requires a reduction in the amount of the Minimum Fee, Attorney and Client agree that all other terms and conditions of this fee agreement shall continue to apply. Attorney shall not seek additional compensation from Client unless Attorney's charges for services, when calculated at Attorney's hourly rates provided for in this Agreement, plus costs incurred, exceed the Minimum Fee.

If Attorney fails to perform the services specified in this Agreement, Client may be entitled to a refund of unearned fees, after Attorney is compensated for services under the terms and conditions of this Agreement, including reimbursement of expenses incurred and payment for services actually provided at Attorney's hourly rates set forth in this Agreement. If permitted under applicable law, if Attorney's failure to provide services as obligated under this Agreement is caused by Client's refusal to cooperate, Client's dishonesty in testimony or in documents filed in the bankruptcy court or Client's bad faith termination of Attorney's employment without reasonable cause, then Client shall not be entitled to any refund of any portion of the earned on receipt retainer.

Attorney has discussed with Client that the "Oregon Rules of Professional Conduct," ("ORPC") which govern the conduct of all attorneys practicing in the State of Oregon, do not permit a lawyer to charge an "excessive" fee. Accordingly, at the conclusion of the representation, Attorney and Client will review the reasonableness of the Minimum Fee in light of the services actually performed by Attorney, and to the extent that the Attorney's retention of the Minimum Fee would result in the imposition of an "excessive" fee, Attorney would adjust the Minimum Fee to be in compliance with the ORPC, and refund to client such portion of the Minimum Fee as would be necessary for compliance with the ORPC.

In recognition of the risk that exists in any Chapter 11 case that the Chapter 11 case may not be successful and, if not successful, that the case will be converted to Chapter 7, and in further recognition that Attorney will have the obligation to provide services to the Client during the course of a Chapter 7 case in the event of conversion to Chapter 7, Client desires to provide payment for such risk in advance. Client and Attorney acknowledge that current bankruptcy law prohibits payment of the Attorney for Chapter 7 services from the funds of a Chapter 7 bankruptcy estate. Client and Attorney reasonably agree and project that the fees likely to be incurred by Attorney in a converted Chapter 7 case will likely be not less than **$10,000.00** In recognition of such potential future liability, Client and Attorney agree that a sum of **$10,000.00** is reasonable advance compensation to Attorney for the risk assumed by Attorney of services to be performed in a possible future Chapter 7 case. Attorney and Client further agree that the sum of **$10,000.00** shall be allocated from the retainer paid to compensate Attorney for the risk of providing services in a future Chapter 7 case, and that such **$10,000.00** shall be deemed earned on receipt by Attorney as payment for the risk of having to perform services in a potential future Chapter 7 case.

Further provided that upon the occurrence of the Effective Date of any confirmed plan of reorganization in Debtor's case, the "Risk Fee" shall be credited to

any approved but unpaid chapter 11 fees owing to Attorney, and any unused amount will be refunded to the Debtor.

Attorney and Client have discussed the Minimum Fee in the case. Client acknowledges that it has been informed that the total fees in the case will likely exceed the Minimum Fee. Client acknowledges that it has had the opportunity to confer with other counsel before the signing of this Agreement and is satisfied that the Minimum Fee as projected by Attorney is within the reasonable range of fees likely to be incurred in the case.

Client acknowledges that the Minimum Fee will be earned and applied prior to the filing of Client's chapter 11 case. Notwithstanding, Client agrees, and hereby grants to Attorney, a lien upon and a security interest in, all of Client's funds in Attorney's possession on the petition date, if such funds have not been applied in payment of the Minimum Fee due under this Agreement.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties, including but not limited to the United States Trustee.

Client acknowledges that the application of the retainer is for Attorney's hourly services, not for payment of out-of-pocket costs associated with representing the Client. The retainer amount shall be inclusive of the filing fee of **$1,717.00** for Chapter 11, which shall be paid from the separate funds of the Client. As set forth elsewhere in this Agreement, Attorney shall have the option to require Client to perform various mailings and advance other significant costs as they become due from the Client's ongoing income.

Until the retainer check clears and the funds are paid to Attorney's trust account, Attorney shall have the option to decline to commence representing Client. To avoid timing problems waiting for a retainer check to clear, Attorney recommends that retainer checks be paid in certified funds or cash.

In addition to the foregoing hourly rates, Client agrees to be responsible for payment of all costs incurred in representing the Client. Examples of such costs include filing fees, court reporter fees, long distance telephone, photocopies (whether made in the Attorney's office or an outside printing service), etc. The Attorney's "Expense Policy Statement" is attached as **Exhibit A**. A quarterly fee based on disbursements is assessed by the Office of the US Trustee on all Chapter 11 debtors. A copy of the US Trustee's fee schedule is attached as **Exhibit B**. Client is responsible for payment of the quarterly fees.

Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney. All professionals must also be approved by the Bankruptcy Court before starting work or the Court will deny payment to the professional.

Client acknowledges it has been informed of the Court's rule requiring the filing of a "Monthly Operating Report" (Rule 2015 Report) on the Court's form by the 21st day of each succeeding month. The form of such report will be separately provided to the Client. The Client assumes all responsibility for completing said form and

delivering it to the Attorney's office not later than the 15th day of the calendar month. Failure to timely file these reports can result in dismissal of the Chapter 11 proceeding.

If asked by the Attorney, Client agrees to perform all mailings required by the Bankruptcy Code or Rules. Client agrees to pay the costs thereof separately. Attorney assumes no responsibility for advancing the costs of major mailings in the case. Client acknowledges that Attorney has advised Client that there could be several major mailings during the course of a Chapter 11 case and that the costs of printing and postage for such mailings are significant costs. The Client may be required to send documents to each of Client's creditors in connection with each such mailing. Client agrees to pay mailing costs in advance of such mailings directly to the company which will be performing such mailings.

Attorney shall have the option, but not the duty, to proceed with representing Client prior to payment of the above described retainer. If Attorney performs services prior to receipt of the retainer, the Attorney may withdraw from representing the Client at any time prior to payment of the agreed retainer.

Client agrees to cooperate with Attorney, to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney fees both before trial, at trial or after appeal, as determined by the Court, will be borne by the losing party.

Client acknowledges that Attorney has advised that the actual Attorney's fees and expenses, considering the size and complexity of case, will be substantial. Client acknowledges that the Attorney has advised that under the rules of the Bankruptcy Court, the Attorney has the right to submit an application for payment of fees to the court in accordance with the court's rules, which will be done as frequently as court rules permit. Unless the Court allows more frequent applications, the Court currently considers applications three times per year, on February 10, June 10 and October 10. Such petitions for fees, when approved, will be paid from the Client's post-petition income. Client agrees that Attorney can seek Court approval for monthly payment of services provided if the Retainer is insufficient to compensate Attorney for services rendered.

<u>Minimum Billing Increments</u>. Attorney charges in minimum billing increments for certain services, which Client agrees to pay, which are shown below:

/ / /

/ / /

/ / /

| SERVICE | MINIMUM BILLING INCREMENT |
|---|---|
| Prepare letter or correspondence | .1 |
| Telephone Call | .1 |
| Listen to Voice-Mail | .1 |
| Leave Voice-Mail | .1 |
| Review Email | .1 |
| Reply to Email | .1 |
| Review Correspondence or Notices Relating to Client's Case | .1 |
| Documentation Preparation | .1 |
| Court Appearance | .1 |
| 341(a) Hearing Appearance | .1 |

Attorney strives to keep Client informed of the work Attorney is performing, and Attorney stands ready to explain its services and invoices to Client's satisfaction. If Client ever has questions regarding Attorney's charges, please let Attorney know immediately so that Attorney can attempt to resolve any concerns fairly and without delay. Also, if Client has a particular need relative to Attorney's invoicing (e.g., the billing format or timing of delivery), please let Attorney know and Attorney will try to accommodate the Client.

Client may terminate the attorney/client relationship at any time and for any reason by delivering to Attorney a written notice of termination. Attorney also reserves the right to terminate the attorney/client relationship, by delivering to Client a written notice, if Client fails to pay Attorney when due any amount Client owes Attorney, if Client fails to cooperate with Attorney or to disclose to Attorney material information, or if for any other reason Attorney feels Attorney is unable to continue an effective attorney/client relationship, in each case, to the extent permitted by the applicable rules of professional conduct, and subject to any applicable rules requiring notice and Court approval. Upon any termination, Client will remain liable for all fees, costs and expenses incurred prior to the termination of the attorney/client relationship. Upon termination, Attorney will provide Client with the original or a copy of all Client's files in Attorney's possession, retaining a copy for Attorney in Attorney's discretion and at Attorney's cost. Once Attorney's representation is terminated, Attorney will have no obligation to inform Client of due dates, subsequent developments or the like, or to maintain any documents or dockets relating to Client's matters.

Attorney appreciates the opportunity to serve as Client's attorneys and anticipates a productive and harmonious relationship. If, however, Client becomes dissatisfied for any reason with the services Attorney has performed or Client disputes any of the fees, costs or expenses charged by Attorney, Attorney encourages Client to bring that dissatisfaction or dispute to Attorney's attention at the earliest possible time.

Most problems should be rectifiable through such communication. However, should a dispute arise between Attorney and/or Client which cannot be resolved in that manner, then the Bankruptcy Court will resolve the dispute.

A solid attorney/client relationship is a two-way street. Lawyers need timely and complete cooperation and assistance from their clients just as clients need timely and complete cooperation and assistance from their lawyers. Attorney will therefore endeavor to keep Client informed of Client's matters as they progress. Similarly, Client agrees to provide Attorney with timely responses to requests for documentation and information and to make available to Attorney personnel in order that Attorney may effectively carry out its function as Client's attorneys. Bear in mind that if Attorney does not obtain such cooperation, the quality of Attorney's representation may suffer and Attorney may feel constrained to withdraw from any further work.

**THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.**

DATED: 5/8/18

**ATTORNEY:**

**VANDEN BOS & CHAPMAN, LLP**

By: _____
Douglas R. Ricks, Partner

**CLIENT:**

**SUNSHINE DAIRY FOODS MANAGEMENT, LLC**

By: _____
Norman Davidson, III
President of Sunshine
Dairy Enterprises, Inc.,
Member of Client

By: _____
Norman Davidson, III
President of Karamanos Holdings, Inc.
Managing Member of Client

Attachments:

A. Expense Policy Statement (Exhibit A)
B. U.S. Trustee's Quarterly Fee Schedule

Initial if Received:
ND
ND

EXHIBIT "A"

Attorney's
Expense Policy Statement

| | |
|---|---|
| Photocopies: | .15 per page (in house) |
| Fax: | Incoming No Charge; outgoing (including long distance) at actual telephone charges. |
| Outside Services: | All outside entity bills are charged at actual cost. |
| Postage: | Postage, express mail and other overnight delivery or air courier services are charged at actual cost. |
| Long Distance: | Long distance telephone charges are billed to Clients at actual cost. |
| Computerized Research: | Actual (*i.e.*, invoiced) cost or, for leased or flat rate computer research services, $2.00 per minute not to exceed one-half of the lease cost or flat rate. Time associated with computerized research to be specifically identified on attorney time detail. |
| Travel: | Travel expenses are actual and Air fare is coach or economy class only. Other expenses are actual and do not include limos. Mileage is charged at the rate of allowed for federal tax deductions (currently 54¢ per mile). |
| Other Personnel Charges: | Secretarial overtime is charged to Clients at $30.00 per hour if the overtime work is due to time constraints mandated by the case or the Client, not to exceed the employee's actual hourly compensation cost to the firm. |
| Pacer: | Actual cost (8¢ per page). |
| Other: | Any charges not mentioned above will be charged in accordance with the applicable U.S. Bankruptcy Court Cost Guidelines contained in Bankruptcy Rule 2016. |

## CHAPTER 11 QUARTERLY FEES

Debtors in chapter 11 cases must pay a quarterly fee to the United States Trustee Program for each calendar quarter, or portion thereof, between the date of filing the petition and the date the court enters a final decree closing the case, dismisses the case or converts the case to another chapter in bankruptcy. The quarterly fee is calculated by totaling the debtor's disbursements as reported on the Monthly Operating Reports for the three-month calendar quarter, or portion thereof, according to the following chart. The quarterly fee amount will be estimated if disbursements for all of the months of a calendar quarter that the case is open have not been reported to the United States Trustee. The estimated fee is based on: a) reported disbursement history, b) initial financial data submitted when the case was filed, or c) an estimation done by the United States Trustee office. If you calculate the fee to be less than the estimated quarterly fee on the statement, you must submit actual disbursement reports supporting your calculation to the bankruptcy court and the United States Trustee Office. A minimum fee of $325.00 is due <u>even if there are no disbursements during a calendar quarter</u>. There is no proration of the fee.

The fee schedule below applies for the calendar quarters beginning January 1, 2008 through December 31, 2017.

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999.99 | $325.00 |
| $15,000 to $74,999.99 | $650.00 |
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 to $1,999,999.99 | $6,500.00 |
| $2,000,000 to $2,999,999.99 | $9,750.00 |
| $3,000,000 to $4,999,999.99 | $10,400.00 |
| $5,000,000 to $14,999,999.99 | $13,000.00 |
| $15,000,000 to $29,999,999.99 | $20,000.00 |
| $30,000,000 or more | $30,000.00 |

In accordance with the Bankruptcy Judgeship Act of 2017, Pub. L. No. 115-72, the following amended chapter 11 quarterly fee schedule will apply for the calendar quarters beginning January 1, 2018 through September 30, 2018.

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $0 to $14,999.99 | $325.00 |
| $15,000 to $74,999.99 | $650.00 |

| TOTAL QUARTERLY DISBURSEMENTS | QUARTERLY FEE |
|---|---|
| $75,000 to $149,999.99 | $975.00 |
| $150,000 to $224,999.99 | $1,625.00 |
| $225,000 to $299,999.99 | $1,950.00 |
| $300,000 to $999,999.99 | $4,875.00 |
| $1,000,000 or more | 1% of quarterly disbursements or $250,000, whichever is less |

Quarterly fees are due no later than one month following the end of each calendar quarter. Failure to pay quarterly fees may result in the conversion or dismissal of the case. Payment of that quarter's fees and any past due fees and interest, if applicable, must be made before the effective date of a confirmed plan of reorganization and quarterly fees will continue to accrue until entry of the final decree, or until the case is converted or dismissed. Failure to pay these fees may result in a motion by the United States Trustee to convert the case to a chapter 7 case.

The debtor will receive a bill or statement from the Executive Office for United States Trustees, Washington, D.C., for each calendar quarter, prior to the payment due date. A check for the quarterly fee, made payable to "United States Trustee", should be mailed with the tear-off portion of the statement form to: **United States Trustee Payment Center, P.O. Box 530202 Atlanta, GA 30353-0202**

**The address shown above is a lockbox at a bank. It may NOT be used for service of process, correspondence or any purpose other than payment of quarterly fees. Any other correspondence or documents sent to the lockbox other than the payment form will be destroyed.**

The debtor is responsible for timely payment of the quarterly fee. Failure to receive a bill from the Executive Office for United States Trustees does not excuse the debtor from timely payment. Failure to pay the quarterly fee is cause for conversion or dismissal of the chapter 11 case pursuant to 11 U.S.C. § 1112(b)(4)(K) (for cases filed on or after October 17, 2005) or 11 U.S.C. § 1112(b)(10) (for cases filed before October 17, 2005).

*Updated December 11, 2017*

---

Was this page helpful?
Yes    No