Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Sunshine Dairy Foods Management, LLC and Karamanos Holdings, Inc.<br><br>Debtors-in-Possession. | Bankruptcy Case Nos.<br><br>18-31644-pcm11 (Lead Case)<br>18-31646-pcm11<br><br>ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS |

THIS MATTER came before the Court for hearing on Karamanos Holdings, Inc.'s ("Debtor") First Amended Notice of Intent to Sell Property, Compensate Broker, and/or Pay Any Secured Creditor's Fees and Costs; Motion for Authority to Sell Property Free and Clear of Liens; and Notice of Hearing [Dkt. No. 636] (the "Sale Motion"); Motion to Assume and Assign Executory Contracts and Determine Cure Amounts [Dkt No. 621] (the "Assumption Motion"). Because of the interrelated relief requested in each motion, the Sale Motion and the Assumption

Page 1 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

Motion are collectively referred to herein as the "Motion." Pursuant to that certain Order Approving Bidding Procedures, Overbid Protection and Expense Reimbursements, and Form and Manner of Notice of Sale [Dkt No. 619] (the "Procedures Order"), entered on December 24, 2018, this Court established Bidding Procedures [Dkt No. 627] regarding the sale of Debtor's West Plant assets, scheduled a time for an auction in the event upset bids were received, set a deadline for the filing of objections regarding the Motion, and scheduled a hearing to consider the Motion (the "Sale Hearing"). This Court having held the Sale Hearing on January 28, 2019 and having reviewed the Motion and the Declaration of Ryan Feigelson [Dkt No. 665], and having considered the files and records in these cases, and now being fully advised,

THE COURT FINDS THAT:[1]

A. This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief sought in the Motion are §§ 105(a), 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rules 6004, 6006 and 7062 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. On or about November 27, 2018, Debtors and NBP Capital, LLC ("Buyer" or "NBP Capital") entered into that certain Real Estate Purchase and Sale Agreement dated as of November 27, 2018 (as amended or modified from time to time, the "PSA"), pursuant to which Buyer agreed to purchase certain of Debtor's real property, including the assumption and assignment of the Lease (as defined in the PSA) subject to certain exclusions as set forth in the

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.

Page 2 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

PSA (the "Acquired Assets") for an initial purchase price of $8,100,000 (subject to adjustment, if any, as set forth in the PSA, the "Purchase Price"), subject to certain conditions set forth in the PSA (the "Sale"). A copy of the PSA is attached as Exhibit 1 to Debtor's Motion for Approval of Bidding Procedures, Overbid Protections and Expense Reimbursements, and Form and Manner of Notice of Bidding Procedures filed in this Court on November 30, 2018 [Dkt. No. 572], and is incorporated herein by this reference.[2]

D. The Court entered the Procedures Order on December 24, 2018 and the Procedures Order remains in full force and effect.

E. As evidenced by the record in this case, notice of the sale (and any required sale procedures), was sent to all creditors and interested parties, was reasonable, timely, proper, and adequate, and is sufficient to comply with notice requirements of the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court for the District of Oregon, and is compliant with all requirements of procedural and substantive due process.

F. A reasonable opportunity to bid, to object and to be heard regarding the relief requested in the Motion has been afforded to all creditors, parties in interest, and other entities, including, but not limited to (a) all creditors, (b) all parties who claim interests in or liens upon the Acquired Assets, (c) all parties to the Lease, (d) all parties who have filed notices of appearance in these cases, (e) the Office of the United States Trustee, (f) counsel to the Committee, and (g) all known potential bidders.

G. Debtor may sell the Acquired Assets free and clear of all liens, claims, rights, interests, debts, liabilities, and encumbrances, other than the Lease (collectively, the "Interests")

---

[2] An additional copy of the PSA can be obtained by contacting Debtor's Counsel, Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204, Phone: (503) 417-0500, email: nhenderson@portlaw.com.

Page 3 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

because either each entity with a security interest in any Acquired Assets to be transferred on the Closing Date (as defined in the PSA), including the Lease either: (a) has consented to the Sale (including the assumption and assignment of the Lease) or is deemed to have consented to the Sale; (b) has an interest subject to a bona fide dispute, (c) could be compelled in a legal or equitable proceeding to accept money satisfaction of such Interest; or (d) otherwise falls within the provisions of §363(f) of the Bankruptcy Code, and therefore, in each case, one or more of the standards set forth in §363(f)(1)-(5) of the Bankruptcy Code has been satisfied. No other notice is or was required in connection with the Bid Procedures Motion, the Bid Procedures Hearing, the Procedures Order, the Bidding Procedures, the Motion, the Sale Hearing, the PSA, the Sale and the transactions contemplated thereby. Holders of Interests who did not object to the Motion are deemed to have consented pursuant to §363(f)(2) of the Bankruptcy Code. Additionally, all objections to the sale free and clear of liens, claims, rights, interests, debts, liabilities, and encumbrances, other than the Lease, have been withdrawn or over-ruled, and the Buyer therefore is buying the Acquired Assets, under section 363(f), free and clear of all Interests.

H. Buyer is released from any and all potential liability in connection with the purchase of the Acquired Assets, other than its obligations first arising after the Closing under the Lease.

I. The stay under Bankruptcy Rules 6004(h) and 6006(b) has been waived and the Debtor's sale of the Acquired Assets can close immediately upon entry of this Order.

J. Good and sufficient reasons for approval of the PSA and the Sale have been articulated and established to the Court's satisfaction. The relief requested in the Motion is in the best interests of Debtor, its estate, creditors and other parties in interest. A sale of the Acquired Assets, other than free and clear as provided for in this Order, would yield substantially less

Page 4 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

value for the Debtor and the estate, with less certainty than provided by the sale of the Acquired Assets to Buyer as provided hereunder. The Debtor's determination that the PSA constitutes the highest or best offer for the Acquired Assets constitutes a valid and sound exercise of the Debtor's business judgment

K.  The Lease counterparty has consented to the Sale and to the assumption and assignment of the Lease. Such party's consent shall not be deemed an admission or indication that such consent is or was required, and the provisions of this Order shall be applicable to all parties, irrespective of whether they have consented to the relief authorized and directed herein.

L.  Debtor has the power and authority to execute and deliver the PSA, and all other documents contemplated thereby, and to consummate the transactions contemplated by the PSA. The PSA and all of the transactions contemplated thereby have been duly and validly authorized by all necessary actions of Debtor. No consents or approvals other than the authorization and approval of this Court are required for Debtor to consummate the Sale.

M.  As determined by the Court on January 28, 2019, NBP Capital submitted the highest and best qualified bid for the Acquired Assets, as reflected in the PSA. No other bids were received for the Acquired Assets on or before the Bid Deadline defined in the Bidding Procedures.

N.  Buyer has provided Debtors with a cash deposit of $600,000.00 (six hundred thousand dollars) and has adequately demonstrated its unconditional financial wherewithal to pay the Purchase Price and to consummate the Sale.

O.  The consideration to be provided by Buyer pursuant to the PSA: (a) is fair and reasonable; (b) is the highest and best offer for the Acquired Assets provided in accordance with the Procedures Order; and (c) constitutes reasonably equivalent value and fair consideration

Page 5 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

under the Bankruptcy Code and applicable state law.

P. The PSA was negotiated, proposed, and entered into by the parties in good faith, from arm's-length bargaining positions and without collusion or fraud of any kind. No provision of the PSA is in conflict with or violates this Order. The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in the Bankruptcy Code. The Buyer is not a mere continuation of the Debtor or its estate and there is no continuity between the Buyer and the Debtor. The Buyer is not holding itself out to the public as a continuation of the Debtor. The Buyer is not a successor to the Debtor or its estate and the purchase of the Acquired Assets does not amount to a consolidation, merger, or defacto merger of the Buyer and the Debtor or the bankruptcy estate, or a continuation of the Debtor or the bankruptcy estate's business. The sale of the Acquired Assets to Buyer is not being undertaken for the purpose of escaping liability for the Debtor's debts.

Q. Neither the Buyer nor the Debtor engaged in any conduct that would prevent the application of Section 363 of the Bankruptcy Code or cause the application of Section 363(n) of the Bankruptcy Code with respect to the consummation of the transaction approved under this Order. The Buyer is a good faith purchaser under Section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby with respect to the transactions contemplated by the PSA, and the provisions of Section 363(n) of the Bankruptcy Code are not applicable. In the absence of a stay pending appeal, if the closing of the sale occurs at any time after entry of this Order, then the Buyer, as a purchaser in good faith of the Acquired Assets, shall be entitled to all of the protections of Section 363(m) of the Bankruptcy Code if this Order or any authorization contained herein is reversed or modified on appeal;

R. The PSA was not entered into for the purpose of hindering, delaying or

Page 6 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

defrauding creditors under the Bankruptcy Code and applicable state law.

S. Debtor has demonstrated that assuming and assigning the Lease in connection with the Sale is an exercise of its sound business judgment, and that such assumption and assignment is in the best interests of Debtor's estate.

T. The amounts set forth in Paragraph 14 of the Assumption Motion are the sole amounts necessary to be paid pursuant to § 365 of the Bankruptcy Code in order to cure any breaches and defaults in accordance with §§ 365(b) and 365(f)(2) of the Bankruptcy Code or to provide any adequate assurance of future performance required under § 365(b)(1)(C) of the Bankruptcy Code and assume and assign the Lease to the Buyer (the "Cure Amounts").

U. As of the Closing Date, subject only to the payment of the Cure Amounts (if any), the Lease will be in full force and effect and enforceable against the non-Debtor party thereto in accordance with its terms, and no claim of any non-Debtor party thereto relating to any period prior to the Closing Date may be asserted or enforced against Buyer.

V. The Buyer would not have entered into the PSA and would not consummate the transaction contemplated thereby, thus adversely affecting the Debtor, the estate, and its creditors, if the Court did not enter this Order and provide the Buyer with the protections hereunder.

W. Time is of the essence in closing the purchase of the Acquired Assets.

X. Debtor has, to the extent necessary, satisfied the requirements of §§ 365(b)(1) and 365(f) of the Bankruptcy Code in connection with the Sale and the assumption of the Lease and shall, upon assignment thereof on the Closing Date and payment of all Cure Amounts, if any, be relieved from any breach thereof and any liability or obligation for any such breach thereof.

Page 7 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

THEREFORE, IT IS HEREBY ORDERED:

1. The Motion is GRANTED. All relief granted by the Procedures Order is hereby incorporated by reference to this Order and remains in full force and effect.

2. Any objections to the entry of this Order or the relief granted herein and requested in the Motion that have not been withdrawn, waived or settled, and all reservations of rights included therein, hereby are denied and overruled on the merits with prejudice.

3. The terms and conditions of the PSA are hereby approved in all respects. Pursuant to the provisions of §§105, 363 and 365 of the Bankruptcy Code, Debtor is hereby authorized and directed to sell the Acquired Assets described in the PSA to Buyer and to assume and assign the Lease to Buyer, free and clear of all Interests.

4. Debtor is authorized and directed to execute and deliver, and empowered and directed to fully perform under, consummate and implement, the PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA, and to take all further action as may be requested by Buyer for the purpose of assigning, transferring, granting, conveying and conferring to Buyer, or reducing to Buyer's possession, any or all of the Acquired Assets, or as otherwise may be necessary or appropriate to the performance of the obligations as contemplated by the PSA.

5. The Acquired Assets shall be transferred to Buyer and, as of the Closing Date, shall be free and clear of all Interests. All Interests shall attach to the sale proceeds to the same extent, priority and validity as they attached to the Acquired Assets, subject to any rights, claims and defenses Debtors may possess with respect thereto. At closing, the sale proceeds, after payment of all necessary closing costs, including title and escrow fees, recording fees, and fees

Page 8 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

attributable to this sale payable to the United States Trustee under 28 U.S.C. § 1930, shall be paid as follows:

   a. Pursuant to an agreement between the Debtors and First Business Capital Corporation ("FBCC"), FBCC shall be paid $4,650,000, in full satisfaction of all claims filed by FBCC in either of the above-captioned Chapter 11 cases;

   b. Multnomah County shall be paid $74,880.30;

   c. Debtor shall hold $1,850,000 of the sale proceeds for distribution upon further order of the Court; and

   d. All remaining sale proceeds shall be paid to the bankruptcy estate of Sunshine Dairy Foods Management, LLC ("Sunshine"), and will be held by Sunshine for distribution upon further order of the Court.

6. Multnomah County filed a limited objection to the Sale [Dkt No. 626] (the "Multnomah Objection") with respect to liens asserted by it on all or a portion of the Acquired Assets (the "Multnomah Liens") to secure tax obligations owing by the Debtors (the "Multnomah Taxes"). The Multnomah Liens shall be satisfied after payment is made pursuant to Section 5 of this Order. For the avoidance of doubt, the Acquired Assets shall be transferred to the Buyer on the Closing Date free and clear of the Multnomah Liens, and Buyer shall have no liability or obligation with respect to the Multnomah Taxes. Any accrued but unassessed Multnomah County taxes shall be prorated as of the Closing Date, and shall be paid from the sale proceeds. The Multnomah Objection is resolved as set forth herein.

7. On September 7, 2018, Electric, Inc. filed two notices of continuation, maintenance, perfection, and enforcement of construction lien claim [Dkt Nos. 442, 443] with respect to liens asserted by it on the Acquired Property (the "Electric Liens"). The Electric Liens shall attach to the sale proceeds to the same extent, priority and validity as they attached to the Acquired Assets, subject to any rights, claims and defenses Debtor may possess with respect thereto. For the avoidance of doubt, the Acquired Assets shall be transferred to the Buyer on the

Page 9 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

Closing Date free and clear of the Electric Liens, and Buyer shall have no liability or obligation to Electric, Inc.

8. Buyer shall have no liability or responsibility for any liability or other obligation of Debtors arising under or related to the Acquired Assets other than as expressly set forth in the PSA, solely with respect to the Lease. Buyer shall not be deemed, as a result of any action taken in connection with the PSA, to: (a) be the successor of Debtors or either of them; (b) have, de facto or otherwise, merged with or into Debtor; (c) be a mere continuation or substantial continuation of Debtor or the enterprise of Debtor; or (d) be responsible for any liability of Debtor or for payment of any benefit accruing to Debtors.

9. Neither Buyer nor its affiliates, successors or assigns is acquiring or assuming any liability, warranty or other obligation of Debtor, including, without limitation, any tax incurred but unpaid by Debtors prior to the Closing Date, including, but not limited to, any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, fixed or audited, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction, except as expressly provided in the PSA and soley with respect to the Lease.

10. The transfer of the Acquired Assets to Buyer pursuant to the PSA constitutes a legal, valid, sale, assignment, conveyance, and effective transfer of the Acquired Assets, and shall vest Buyer with all right, title and interest of Debtors in and to the Acquired Assets free and clear of all Interests of any kind and Buyer shall be the sole and exclusive owner thereof in accordance with the terms of this Order and the PSA. As of the Closing Date, the Buyer shall have any and all rights, claims, defenses, offsets, offsets, and recoupments held by the Debtor and the estate as to the Acquired Assets.

{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

11. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Acquired Assets or a bill of sale transferring good and marketable title in the Acquired Assets to Buyer. Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the PSA.

12. This Order is and shall be effective as a determination that, all liens and other interests shall be, and are, without further action by any person or entity, released with respect to the Acquired Assets as of the Closing Date.

13. Daniel J. Boverman, Debtor's Chief Restructuring Officer, or Norman Davidson III, Debtor's President, or another authorized representative of the Debtor, on behalf of Debtor, is hereby authorized, in accordance with §§105(a), 363 and 365 of the Bankruptcy Code, to (a) assume and assign to Buyer, effective upon the Closing Date, the Lease, and/or to transfer, sell and deliver to Buyer all of Debtors' right, title and interest in and to the Lease, free and clear of all Interests of any kind or nature whatsoever, (b) execute and deliver to Buyer such documents or other instruments as may be necessary to assign and transfer the Lease to Buyer or to accomplish any of the transfers contemplated by the Sale; or (c) any and all other documents reasonably necessary to consummate all transactions contemplated in the PSA.

14. The requirements of §§365(b)(1) and 365(b)(2) of the Bankruptcy Code are hereby deemed satisfied with respect to the Lease (subject to payment of the Cure Amounts, if any). The Assumption Motion is granted.

15. The Lease shall be transferred to, and remain in full force and effect for the benefit of, Buyer, in accordance with their respective terms, notwithstanding any provision in the

Page 11 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

Lease (including provisions of the type described in §365(b)(2), (e)(1) and (f)(1) of the Bankruptcy Code), which prohibits, restricts or conditions such assignment or transfer. The non-Debtor party to the Lease shall be deemed to have consented to such assignment under §365(c)(1)(B) of the Bankruptcy Code, and Buyer shall enjoy all of the rights and benefits under the Lease as of the Closing Date without the necessity of obtaining such non-Debtor party's written consent to the assumption and assignment thereof.

16. Subject to payment of the Cure Amounts, if any, all defaults or other obligations of Debtors under the Lease arising or accruing prior to the Closing Date will be cured as of the Closing Date in accordance with the terms of the PSA such that Buyer shall have no liability or obligation with respect to any default or obligation arising or accruing under the Lease prior to the Closing Date, and no claim of any non-Debtor party thereto relating to any period prior to the Closing Date may be asserted or enforced against Buyer. The non-Debtor party to the Lease is forever barred, estopped and permanently enjoined from asserting a cure amount different from the Cure Amount or asserting against Buyer or its property or affiliates, any breach or default or any liability or obligation for any breach of default arising prior to the Closing Date under the Lease, any claim of lack of consent relating to the assignment thereof, or any counterclaim, defense, setoff, right of recoupment or any other matter arising prior to the Closing Date for the Lease or with regard to the assumption and assignment thereof pursuant to the PSA or this Order.

17. Upon assignment of the Lease to Buyer on the Closing Date and payment of the Cure Amounts no breach or default shall exist under the Lease and the non-Debtor party to the Lease shall not be permitted to declare a breach or default by Buyer under the Lease or otherwise take action against Buyer as a result of Debtor's financial condition, bankruptcy or failure to pay any amounts necessary to cure Debtor's defaults, if any, thereunder. Upon entry of this Order

Page 12 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

and assumption and assignment of the Lease, Buyer shall be deemed in compliance with all terms and provisions of the Lease.

18. Notwithstanding anything to the contrary in this Order, upon assumption of the Lease, Buyer is assuming all liabilities arising under the Lease arising and accruing on and after the Closing Date.

19. The consideration provided by Buyer for the Acquired Assets under the PSA is the product of non-collusive, arms-length negotiations, is fair and reasonable, and the Sale may not be avoided, or costs or damages imposed or awarded, under §363(n) of the Bankruptcy Code or any other provision of the Bankruptcy Code or applicable law.

20. Buyer negotiated, executed, delivered, and performed under the PSA in good faith, as that term is used in §363(m) of the Bankruptcy Code, and will purchase the Acquired Assets and take assignment of the Lease in good faith, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to Buyer. Buyer is a good-faith purchaser of the Acquired Assets, including the Lease, and is entitled to all of the benefits and protections afforded by §363(m) of the Bankruptcy Code.

21. This Court retains jurisdiction to enforce and implement the terms and provisions of the PSA, all amendments thereto, any waivers and consents thereunder and of each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to (a) compel delivery of the Acquired Assets and assignment of the Lease to Buyer, (b) resolve any disputes arising under or related to the PSA or the Lease and (c) interpret, implement and enforce the provisions of this Order.

Page 13 of 16    ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

{00233806:6}

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

22. On or before the Closing Date, each of Debtor's creditors is authorized and directed to execute such documents and take all other actions as may be necessary, or reasonably requested by Debtor or Buyer, to release its Interests in the Acquired Assets, if any, as such Interests may have been recorded or otherwise exist.

23. If any person or entity that has filed financing statements, mortgages, agricultural liens, *lis pendens* or other documents or agreements evidencing Interests (including any statutory lien claims such as agricultural produce, agricultural service, or nurserymen's liens) with respect to the Acquired Assets shall not have delivered to Debtors and Buyer prior to the Closing Date in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests that the person or entity has with respect to Debtors and/or Acquired Assets or otherwise, then (a) Debtor is hereby authorized as part of the closing of the Sale, to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to such assets and contracts and (b) Buyer is hereby authorized to file, register or otherwise record a certified copy of this Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Interests in the Acquired Assets as of the Closing Date of any kind whatsoever.

24. The terms and provisions of the PSA and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their successors and assigns, Buyer and its respective affiliates, successors and assigns, and any affected third parties, notwithstanding any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) such terms and provisions likewise shall be binding

25. After the Closing Date, no person or entity, including, without limitation, any federal, state or local taxing authority, may (a) attach or perfect a lien or security interest against

Page 14 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

any of the Acquired Assets on account of, or (b) collect or attempt to collect from Buyer or any of its affiliates, any tax (or other amount alleged to be owing by Debtors) (i) for any period commencing before and concluding prior to or after the Closing Date or (ii) assessed prior to and payable after the Closing Date, except as otherwise specifically provided in the PSA. All holders of any liens, claims, rights, interests, debts, liabilities, and encumbrances are forever barred, estopped, and permanently enjoined from asserting any liens, claims, rights, interests, debts, liabilities, and encumbrances against Buyer or in and to the Acquired Assets.

26. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the transfer of the Acquired Assets to Buyer.

27. The PSA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on Debtor's estate.

28. The provisions of the PSA and this Order shall remain effective and enforceable notwithstanding the subsequent entry of any order confirming any Chapter 11 plan or other order in these cases (including any order entered after any conversion of these cases under Chapter 7 of the Bankruptcy Code).

29. The failure specifically to include any particular provisions of the PSA in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the PSA be authorized and approved in its entirety. Likewise, all of the provisions of this Order are non-severable and mutually dependent. In the event of any direct conflict between the terms of the PSA and this Order, this Order shall be controlling.

Page 15 of 16
{00233806:6}

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19

30. This Order shall be effective and enforceable immediately upon entry and, notwithstanding the provisions of Bankruptcy Rules 6004 and 6006, this Order shall not be stayed for fourteen (14) days after the entry hereof, but shall be effective and enforceable immediately upon issuance hereof. Time is of the essence in closing the transactions referenced herein and Debtors and Buyer intend to close the Sale as soon as practicable.

31. Any closing of the transactions set forth in the PSA shall be subject to the protections of § 363(m) and all principles of equitable mootness.

###

I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

Presented by:

MOTSCHENBACHER & BLATTNER LLP

By: /s/ Nicholas J. Henderson
    Nicholas J. Henderson, OSB #074027
    Of Attorneys for Debtor-in-Possession
    Karamanos Holdings, Inc.

ORDER GRANTING DEBTOR'S (1) MOTION FOR AUTHORITY TO SELL PROPERTY FREE AND CLEAR OF LIENS AND (2) MOTION TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND DETERMINE CURE AMOUNTS

MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor Street, Suite 300
Portland, OR 97204
Phone: (503) 417-0500
Fax: (503) 417-0501

Case 18-31644-pcm11    Doc 679    Filed 02/01/19