Nicholas J. Henderson, OSB #074027
Motschenbacher & Blattner LLP
nhenderson@portlaw.com
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Karamanos Holdings, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| In re: | Bankruptcy Case Nos. |
|---|---|
| Sunshine Wind Down, LLC and Karamanos Holdings, Inc., | 18-31644-pcm11 (Lead Case) 18-31646-pcm11 |
| Debtors-in-Possession. | NOTICE OF MOTION |

**NOTICE  - LBR 9019-1(B)**

PLEASE TAKE NOTICE: If you oppose the proposed course of action or relief sought in the attached motion, you must file a written objection with the bankruptcy court within 21 days after the date listed in the certificate of service below. If you do not file an objection, the court may grant the motion without further notice or hearing. Your objection must set forth the specific grounds for objection and your relation to the case.

The objection must be received by the clerk of court at United States Bankruptcy Court, 1050 SW 6th Avenue #700, Portland, OR 97204 by the deadline specified above or it may not be considered. You must also serve the objection on Nicholas J. Henderson, Motschenbacher & Blattner LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204 within that same time. If the court sets a hearing, you will receive a separate notice listing the hearing date, time, and other relevant information.

Page 1 of 1    NOTICE OF MOTION

{00255540:1}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

Nicholas J. Henderson, OSB #074027
Motschenbacher & Blattner LLP
nhenderson@portlaw.com
117 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: (503) 417-0508
Facsimile: (503) 417-0528

Of Attorneys for Karamanos Holdings, Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Sunshine Wind Down, LLC and<br>Karamanos Holdings, Inc.,<br><br>    Debtors-in-Possession. | Bankruptcy Case Nos.<br><br>18-31644-pcm11 (Lead Case)<br>18-31646-pcm11<br><br>KARAMANOS HOLDINGS, INC.'S MOTION FOR ENTRY OF AN ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND DISMISSING CASE |

Pursuant to 11 U.S.C. §§ 105(a), 363, 554 and 1112(b), and Fed. R. Bankr. P. 1017(a), 2002 and 9019, Karamanos Holdings, Inc., (the "Debtor"), hereby moves the Court for entry of an Order substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), approving a compromise between the Debtor and Electric, Inc., authorizing the distribution of estate property, and dismissing Debtor's chapter 11 case, while retaining jurisdiction to resolve the pending claim objection(s).

/ / / /

/ / / /

Page 1 of 14 MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11 Doc 719 Filed 04/09/19

In support of this Motion, Debtor represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

**A. Key Events in Chapter 11 Case**

2. On May 9, 2018, Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Oregon (the "Bankruptcy Court"), Bankruptcy Court Case Number 18-31646-pcm11 (the "Bankruptcy Case").

3. On that same day, Sunshine Wind Down, LLC, formerly known as Sunshine Dairy Foods Management, LLC ("Sunshine"), also filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Bankruptcy Court Case Number 18-31644-pcm11 (the "Sunshine Case").

4. On May 14, 2018, the Court entered an Order directing the joint administration of the Bankruptcy Case and the Sunshine Case, and designating the Sunshine Case as the lead case in which the majority of documents and pleadings should be filed. The Debtor and Sunshine are referred to in this Motion as the "Joint Debtors."

5. A committee of unsecured creditors was appointed for the Sunshine Case, but not for the Debtor's Bankruptcy Case.

6. The Joint Debtors have continued in possession of their assets as debtors in possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

Page 2 of 14   MOTION FOR ORDER APPROVING COMPROMISE,
{00253128:5}   AUTHORIZING DISTRIBUTION OF FUNDS, AND
               CONDITIONALLY AUTHORIZING CASE CLOSING

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

7. Since the filing of the petition, the Debtor and Sunshine have worked together to wind down and sell Sunshine's business operations, real property and improvements owned by the Debtor, and equipment and other personal property owned by the Joint Debtors. Specifically, the following major events have occurred since the filing of the Joint Debtors' bankruptcy petitions:

    a. On June 7, 2018, 2018, the Bankruptcy Court entered an order authorizing the sale of Sunshine's "West Plant" customer list, related know how and customer agreements to Alpenrose Dairy. *See* Docket No. 185.[1] The sale of Sunshine's customer list and related assets closed on May 8, 2018. *See* Declaration of Daniel J. Boverman (the "<u>Boverman Decl</u>."), ¶ 4.

    b. On June 27, 2018, the Bankruptcy Court entered an order authorizing the employment of CBRE Group as real estate brokers for the Debtor. *See* Docket No. 274.

    c. On September 17, 2018, the Bankruptcy Court entered an order authorizing the Joint Debtors to sell equipment and other personal property at auction that was located at the West Plant. *See* Docket No. 459. The West Plant equipment was auctioned, and the proceeds were used to pay the Joint Debtors' secured debts. *See* Notice of Auctioneer's Report, Docket No. 647.

    d. On September 19, 2018, the bankruptcy court entered an order authorizing the Joint Debtors to sell Sunshine's business operations and personal property located at the East Plant, as well as the Debtor's real and personal property at the East Plant. *See*

---

[1] All references to Docket Numbers are to docket entries for the Sunshine Case.

MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

Docket No. 468. The sale of the East Plant property closed October 1, 2018, and the proceeds were used to pay the Joint Debtors' secured debts. Boverman Decl., ¶ 5.

  e. On February 1, 2019, the bankruptcy court entered an order authorizing the sale of the Debtor's West Plant real estate and improvements. *See* Docket No. 679. The sale closed on February 14, 2019, and a large portion of the proceeds were used to pay the Joint Debtors' secured debts. Boverman Decl., ¶ 6.

  8. Prior to the sales described above, a motion to substantively consolidate the Joint Debtors' bankruptcy estates was filed on July 12, 2018, by the unsecured creditors committee appointed in the Sunshine Case (the "<u>Committee</u>"). *See* Docket No. 306. The Debtor opposed the Committee's motion, and the parties were eventually able to reach a compromise to resolve the motion. *See* Docket Nos. 622 and 670. The compromise included the exchange of mutual releases between the Debtors and the Debtors' insiders and affiliates. *Id*.

  9. Pursuant to the settlement agreement reached with the Committee, the Debtor retained the sum of $1,850,000 following the sales of the East Plant, the West Plant, and the Debtor's equipment. Sunshine received the sum of $1,150,583.96 from the sale of the Debtor's West Plant real estate. Boverman Decl., ¶ 7.

**A. Debtor's Current Status**

  10. Final applications for compensation have been filed by the Debtor's professionals. The total amount of fees and costs sought by the Debtor's professionals, including fees expected to be incurred between the filing of this motion and the dismissal of the case, is approximately $150,000. Separate orders regarding the fee applications will be presented to the Court at the appropriate time.

/ / / /

Page 4 of 14   MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING
{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11   Doc 719   Filed 04/09/19

11. The Debtor has the following outstanding claims:

| Creditor Name | Claim No. | Claim Amount |
|---|---|---|
| Bankdirect Capital Finance | 2 | $791.11 |
| IRS | 1 | $636.71 |
| Oregon DOT | 8 | $656.92 |
| City of Portland | 9 | $50.00 |
| Estate of John D. Karamanos III | Sch. F | $153,315.90 |
| Norman Davidson III | Sch. F | $1,400.00 |
| Wells Fargo Bank | 4 | $23,851.59 |
| Wells Fargo Vendor Fin. Services | 5 | $65,103.79 |
| **TOTAL:** | | **$245,806.02** |

12. The Debtor is currently holding $1,883,659.00 in its debtor-in-possession depository account, consisting of property sale proceeds and lease payments received. Boverman Decl., ¶ 8.

13. With the exception of Claim No. 5 of Wells Fargo Vendor Financial Services, the claims listed above are undisputed, and the Debtor is ready to pay the undisputed claims immediately. The Debtor has filed an objection to Claim No. 5, and the Debtor proposes to hold funds in reserve in an amount sufficient to pay such claim in full, if necessary.

**B. Lien Dispute and Proposed Settlement with Electric, Inc.**

14. In addition to the above-listed claims, Electric, Inc.—a creditor in the Sunshine Case—has asserted that it held a prepetition mechanic's lien against the Debtor's real property in the amount of $41,535.80.

15. Debtor disputes the validity of Electric, Inc.'s asserted lien, and has indicated that it would commence an avoidance action pursuant to § 544(a)(3) of the Bankruptcy Code.

16. The Debtor and Electric, Inc. have been able to reach a compromise regarding Electric, Inc.'s disputed lien. The settlement consists of extremely simple terms: 1) upon Court

Page 5 of 14 MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

approval, the Debtor shall pay Electric, Inc. the sum of $5,000, and 2) in exchange for the Debtor's payment, Electric, Inc. shall give the Debtor a complete, full and final release of any and all asserted liens and claims, known or unknown.

## RELIEF REQUESTED

17. The relief requested herein by Debtor is based on the Court's authority pursuant to 11 U.S.C. §§ 105(a), 363, 554 and 1112(b), and Fed. R. Bankr. P. 1017(a), 2002 and 9019.

18. Debtor requests entry of an order in the form attached hereto as **Exhibit 1**, approving the proposed compromise with Electric, Inc., dismissing the Debtor's Bankruptcy Case, and granting related relief.

## ARGUMENT

### A. The Proposed Compromise with Electric, Inc. Should be Approved

19. A bankruptcy court should approve a proposed settlement if the court finds the settlement "fair and equitable" based on an "educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise." *Martin v. Kane (In re A & C Props.)*, 784 F.2d 1377, 1381 (9th Cir. 1986) (a compromise should be approved when it is "fair and equitable").

20. It is sufficient that the Court find that the settlement was negotiated in good faith and is reasonable, fair, and equitable. *See A & C Props.*, 784 F.2d at 1381. Accordingly, a settlement need only "be in the best interests of the estate and 'reasonable, given the particular circumstances of the case.'" *Goodwin v. Mickey Thompson Entm't Grp., Inc. (In re Mickey Thompson Entm't Grp., Inc.)*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) (internal citations omitted).

Page 6 of 14 MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING
{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

////

21. To determine whether a compromise is fair and equitable, the Ninth Circuit has held that a bankruptcy court should consider:

    a. [t]he probability of success in the litigation;
    b. the difficulties, if any, to be encountered in the matter of collection;
    c. the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    d. the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*A & C Props.*, 784 F.2d at 1381 (*quoting Lambert v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128, 1135 (8th Cir. 1984)).

22. The first, third and fourth A&C Properties factors weigh in favor of settlement. As demonstrated by this Motion, the Debtor has sufficient funds to pay its claims and exit bankruptcy without further delay or expense. While the Debtor is confident in its position that it will be able to avoid the lien asserted by Electric, Inc., the Debtor believes that the proposed settlement payment is a fraction of the cost that would be incurred if the Debtor was forced to litigate against Electric, Inc. Likewise, deference should be given to Electric, Inc.'s view that it would not receive a net benefit if it were to prevail in the litigation, as the costs of litigation would exceed the amount it could hope to recover.

23. In light of the foregoing, the proposed settlement between the Debtor and Electric, Inc., should be approved.

**B. The Debtor's Case Should Be Dismissed**

24. Pursuant to section 1112(b)(1) of the Bankruptcy Code, absent unusual circumstances, a court shall dismiss a bankruptcy case "for cause." Section 1112(b)(1) states, in pertinent part:

Page 7 of 14 MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

> On request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

11 U.S.C. § 1112(b).

25. The Court has wide discretion in acting upon a request for conversion or dismissal. *Matter of Koerner*, 800 F.2d 1358 (5th Cir.1986); *cited by In re Kimble*, 96 B.R. 305, 307 (Bankr. D. Mont. 1988). Some courts have held that "[r]equests for voluntary dismissals under § 1112(b) … should be guided by identical considerations as matters involving § 707(a)." *Id*. Such cases hold "the Debtor's request should ordinarily be granted unless some 'plain legal prejudice' will result to the creditors." *Id*. at 308, *citing In re Hall*, 15 B.R. 913, 915–16 (9th Cir. BAP 1981); *also citing In re International Airport Inn Partnership*, 517 F.2d 510, 512 (9th Cir.1975).

26. In this case, cause exists to dismiss the bankruptcy case, and no prejudice will result to creditors. The Debtor has sufficient funds to pay all professional fees incurred, all filed and scheduled claims, as well as the proposed settlement amount with Electric, Inc. The Debtor will have a substantial surplus following payment of the foregoing fees and claims. To require the Debtor to remain in the case any longer would only serve to increase professional fees and other administrative expenses, which would decrease the surplus to be received by the Debtor's equity holders without providing any additional benefit to creditors.

27. Pursuant to Fed. R. Bank P. 1017(a), 9013 and 9014, the Debtor shall serve notice of this Motion on all parties in interest.

Page 8 of 14 MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

WHEREFORE, the Debtor respectfully requests the Court enter the order attached hereto as **Exhibit 1**, approving the proposed settlement with Electric, Inc., dismissing the Debtor's case, and granting related relief.

Dated April 9, 2019       MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Of Attorneys for Debtor Karamanos Holdings, Inc.

Page 9 of 14   MOTION FOR ORDER APPROVING COMPROMISE, AUTHORIZING DISTRIBUTION OF FUNDS, AND CONDITIONALLY AUTHORIZING CASE CLOSING

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

# EXHIBIT 1
# PROPOSED ORDER

{00253128:5} ....................................................................................................................

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re:<br><br>Sunshine Wind Down, LLC and<br>Karamanos Holdings, Inc.,<br><br>    Debtors-in-Possession. | Bankruptcy Case Nos.<br><br>18-31644-pcm11 (Lead Case)<br><br>18-31646-pcm11<br><br>ORDER GRANTING KARAMANOS HOLDINGS, INC.'S MOTION FOR ENTRY OF AN ORDER APPROVING COMPROMISE, DISMISSING CHAPTER 11 CASE AND GRANTING RELATED RELIEF |

THIS MATTER having come before the Court on Karamanos Holdings, Inc.'s Motion for Entry of an Order Approving Compromise, Dismissing Chapter 11 Case and Granting Related Relief [Docket No. ____] (the "Motion") The Court having reviewed the Motion and supporting declaration of Daniel J. Boverman [Docket No. ____], and being otherwise duly advised; now, therefore,

Page 1 of 4    ORDER APPROVING COMPROMISE, DISMISSING CASE AND GRANTING RELATED RELIEF.

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

THE COURT FINDS THAT:

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 105 and 1112, and Fed. R. Bankr. P. 1017 and 9019.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Proper, timely, adequate, and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and no other or further notice is required.

5. The Motion seeks approval of the Settlement Agreement between Karamanos Holdings, Inc. (the "Debtor") and Electric, Inc., dated April 5, 2019 (the "Settlement Agreement"). Approval of the Settlement Agreement is in the best interest of the Debtor's estate.

6. Debtor has demonstrated cause for dismissal pursuant to § 1112(b) of the Bankruptcy Code, as dismissal will not prejudice creditors of the bankruptcy estate of Karamanos Holdings, Inc. (the "Debtor"), and dismissal will preserve a substantial surplus for the Debtor's equity interest holders.

THEREFORE, IT IS HEREBY ORDERED as follows

7. The Motion is GRANTED;

8. The Debtor and Electric, Inc. are authorized to enter into and perform the terms and provisions set forth in the Settlement Agreement.

/ / / / /

/ / / / /

/ / / / /

Page 2 of 4 ORDER APPROVING COMPROMISE, DISMISSING CASE AND GRANTING RELATED RELIEF.

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19

9. Applications for compensation by the Debtor's professionals shall be addressed in separate orders. The Debtor shall pay its professionals in accordance with such orders.

10. Unless otherwise agreed by the Debtor and such creditor, the Debtor shall promptly pay the following creditors as set forth below:

| Creditor Name | Claim No. | Claim Amount |
|---|---|---|
| IRS | 1 | $636.71 |
| Bankdirect Capital Finance | 2 | $791.11 |
| Wells Fargo Bank | 4 | $23,851.59 |
| Oregon DOT | 8 | $656.92 |
| City of Portland | 9 | $50.00 |
| Estate of John D. Karamanos III | Sch. F | $153,315.90 |
| Norman Davidson III | Sch. F | $1,400.00 |
| **TOTAL:** | | **$180,702.23** |

11. The Debtor shall not be required to pay the following claims, which were paid, settled, or assumed and assigned during the pendency of the case:

| Creditor Name | Claim No. | Disposition |
|---|---|---|
| Multnomah County DART | 3 | Paid from sale of Debtor's assets. *See* Docket Nos. 468 and 679 |
| First Business Capital Corp. | 6 | Paid from sale of Debtor's assets. *See* Docket Nos. 647 and 679 |
| TCF Equipment Finance | 7 | Lease default cured, obligation assumed and assigned. *See* Docket 468. |
| First Business Capital Corp. | 10 | Paid from sale of Debtor's assets. *See* Docket Nos. 647 and 679 |

12. The Debtor shall hold sufficient funds in its Debtor in Possession account to pay the following disputed claim upon resolution of the Debtor's pending claim objection:

| Creditor Name | Claim No. | Claim Amount |
|---|---|---|
| Wells Fargo Vendor Fin. Services | 5 | $65,103.79 |
| **TOTAL:** | | **$65,103.79** |

Page 3 of 4   ORDER APPROVING COMPROMISE, DISMISSING CASE AND GRANTING RELATED RELIEF.

{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11   Doc 719   Filed 04/09/19

13. Debtor shall promptly pay any outstanding U.S. Trustee fees.

14. The Debtor's case shall no longer be jointly administered with the case of *In re Sunshine Wind Down, LLC*, case number 18-31644-pcm11.

15. After distributing or otherwise reserving funds as described in paragraphs 9 through 13 above, all remaining surplus funds shall re-vest in the Debtor, and shall no longer be property of the estate.

16. The Debtor's estate has been fully administered, and the Clerk of the Court is directed to enter an order and final decree dismissing and closing the case of *In re Karamanos Holdings, Inc.*, case number 18-31646-pcm11.

17. The provisions of this Order regarding approval of the compromise, and any actions taken pursuant thereto, shall survive entry dismissal of the Debtor's case, and the Court shall retain jurisdiction to the extent necessary to adjudicate the pending claims objections, and to enforce the terms of this Order.

###

Order Presented By:

MOTSCHENBACHER & BLATTNER LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Telephone: 503-417-0517
E-mail: nhenderson@portlaw.com
Of Attorneys for Joint Debtor
Karamanos Holdings, Inc.

Page 4 of 4   ORDER APPROVING COMPROMISE, DISMISSING CASE AND GRANTING RELATED RELIEF.
{00253128:5}

Motschenbacher & Blattner LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-31644-pcm11    Doc 719    Filed 04/09/19